The opinion of the court was delivered by
Gibson, J.
Lincoln, one of the defendants below, was arrested in vacation, and together with Raymond, the other defendant, gave bond under the act of the 28th of March, 1820, for his appearance at the next court, to surrender himself to prison, on failing to comply with all things required by law, to entitle him to a discharge under the insolvent laws. He did, in fact, appear and was discharged; but the judge who tried the cause, directed the jury, that if he had personal property sufficient to pay the debt, and yet suffered himself to be arrested, the arrest was illegal, and his application to the judge in vacation to be discharged from custody, on giving the bond in question, was fraudulent; much more so, if he procured himself to be arrested, and concealed his property to prevent the plaintiff from seizing it in execution; and this was put to the jury as a matter that might operate against the de-fence, which was set up on the ground of performance of the condition. I am not prepared to say, that the mere circumstance of having property at the time of the arrest, is evidence of fraud, even in the hearing between the debtor and his creditors; for a man may elect at any time to surrender his property to his creditors, with the view of having it distributed among them; and, to effect this, an arrest is not even necessary. But, granting that Lincoln’s conduct wTas fraudulent, up to the time when the bond was executed, and that he ought not to have succeeded in obtaining a final discharge; what answer does that furnish to an allegation of actual performance of the condition; particularly as respects Raymond, the surety, who could in no event be held liable beyond the exact letter of the contract, and who undertook only that Lincoln should appear at the next court, and actually obtain a discharge ? But, taking both defendants to be on a footing, I cannot see how fraud in the inception of the transaction, shall prevent their discharge from liability, by performing all they stipulated to perform. If a man gives a fraudulent bond, it is good against him; but it would be a severe construction, which should prevent him from ever discharging himself from the penalty, by performance of the condition. In Simms and another v. Slacum, 3 Cranch, 300, it was held, that fraud which is collateral to the condition, will not have the effect of preventing the obligation from being saved by performance of the condition. Simms was arrested, and to obtain the be *108 nefit of the rules, gave bond with a surety, according to the laws of Virginia, to confine himself to the prison bounds, and not to depai't thence till he should be discharged by due course of law. He afterwards procured a discharge, under the insolvent laws, fay fraud; and this was held not to be an escape, to work a forfeiture of the bond, although it was conceded, that Simms and the surety were to be considered as standing on the same ground. This is in point to show that actual performance is in all cases sufficient. In the case before us, the supposed fraud was introduced into the charge, in a way that had a direct tendency to mislead.
By the first section of the act of the 09th of January, 1820, a debtor who has not been arrested, may, in term time, petition for the benefit of the insolvent laws; and Lincoln had filed a petition at the April term preceding the arrest, in consequence of which he gave this bond. The court appointed the second day of June following, for hearing him and his creditors; at which time the matter was continued till Axigust term, and then finally dismissed. The bond before-mentioned was conditioned for Lincoln's appearance at August term, and he accordingly petitioned anew at that term, probably thinking that the condition of his bond required him to do so, and this may be the reason why he suffered his former petition to be dismissed. But his second petition, which is the one on which he was finally discharged, contains no recital of the arrest, of his having given bond, or of his having been discharged by a judge’s order in vacation; and on this part of the case, the judge directed the jury, that it was necessary that Lincoln should have been discharged, in the character of a debtor who had been arrested; but left to the jury to decide, whether the petition was in fact filed in continuation of the proceedings in vacation, under a direction, that a want of the recital of those proceedings, would not conclude the defendants, provided it should appear to have been omitted by mistake of the person who draughted the petition. I can discover no reason for such a recital in any case. If none but a debtor in confinement, or one who had been discharged on bail, were entitled to petition, a recital that the petitioner was in custody, or discharged on bail, would be necessary to bring the case within the purview of some of the insolvent acts. But, as any one may petition, who can show himself to be in insolvent circumstances, why recite proceedings in vacation, which are not at all necessary to enable the court to take cognizance of the petition? There might be good reason for it, if the mode of proceeding on the petition of a debtor discharged on bail, were different from that pursued in other cases; but, by the express provisions of the insolvent acts, the mode is the same in all cases. Then, if such recital be not necessary to the validity of the discharge, is it necessary to a valid performance of the condition of the bond? The defendants stipulated, that Lincoln should appear at the next court, to take the benefit of the insolvent laws or surrender himself to *109 jail, on failing to comply with all things required by law to entitle him to a discharge; not that he should be discharged in any particular character, or on a petition in any particular form, or that he should file any petition at all; for I cannot see why a discharge in pursuance of the petition which was pending at the time of his arrest, would not have been a good performance of the condition. Why should it not? It would have produced exactly the same results, whether the petition were in the one form or in the other. Then, why require that the proceedings in court shall appear to be a continuation of the proceedings in vacation ? The discharge by the judge in vacation is not the inception of the application to the court, because the court may entertain a petition where there has been no discharge, or where the petitioner has never been arrested. A debtor may be arrested and discharged by a judge’s order more than once in the same vacation, as was the fact in this very case; and it is not refining too far to say, that this would, in strictness, require a separate petition for each arrest, as the same proceeding cannot have separate distinct beginnings. But the fair and reasonable construction of the act is, that the discharge in vacation is only for the ease of the debtor, by preventing the unnecessary hardship of imprisonment, until he can have an opportunity of obtaining the benefit arising from a cession of his property; and that the bond is merely a security for his appearance, at the next term, to make such cession, and claim its benefit. It never could be pretended, that the entering of bail to an action, would not be an available performance of the condition of the bail bond given to the sheriff, unless such bond were recited in the recognizance. It seems to me, then, that this bond exacted nothing but what is expressed by the letter of its condition, that Lincoln should appear at the succeeding term, and procure a discharge, which should exempt him from imprisonment, or surrender himself to jail; and on this point, also, I am of opinion, that the direction given by' the court below is erroneous.
Judgment reversed, and a venire facias de novo awarded.