The opinion of the court was delivered by
Duncan, J.
The plaintiff insists, that inasmuch as it does not appear by the record, that Hawk did appear on the first day of the term, the bond is forfeited, and the bail has become liable. If this be so, it is a matter of the strictest law, and an exaction of great rigour; for it does appear, that the party having the beneficial interest, had notice that the insolvent was not discharged on the first day of the term, and endeavoured to obtain from him security for a part of his debt, persuading him not to take the benefit of the act.
Looking at the state of the record, and not inquiring further, *175 the condition would appear to have been complied with. The term is but one day, in strictness. Continuances from day to day are not usually entered as continuances from term to term are.1 Where, as in the city of Philadelphia, hundreds sometimes are to come out on the same day, on notices to áppear on the same day, they cannot be all discharged. Indeed, thei common routine of business generally occupies the first day : — empannelling the e;rand jury, charge to the grand jury, calling and receiving returns of constables, forfeiting the recognizances of parties and witnesses who do not appear; and I believe that it rarely occurs, that the Court of Common Pleas begin to act on the first day of their session. It must be presumed, unless the contrary appear by the record, that the party complied with all things required by law to entitle him to be discharged, and generally abode all orders of the court. Omnia presumantur rite acta. The court was competent to discharge, — they have discharged, they have decided that the insolvent has complied with all things required by law to entitle him to his discharge, — that he has abode by all orders of the court, and this is all the bond covenanted he should do. ■
Now, as it appears on the record that the court had jurisdiction to discharge, and as they have exercised that legitimate power, it cannot consist with the general analogy of the law, that in a collateral action there can be any inquiry on the facts which they have decided. The record is as conclusive in that case as it is in any other of which they have jurisdiction. It was not a nullity. The insolvent debtor, with that discharge in his hand, was free from arrest. He was discharged by competent authority. In Lestet v. Thompson, 1 Johns. Rep. 300, it was determined, that the discharge of an insolvent debtor was conclusive as to the facts. If this cause went back on the exception to the evidence, it would be a hopeless one on the part of the plaintiff, because his exception is, that the whole must depend on the record of the court, and on the record he has no case. But the evidence excepted to, although unnecessary, did not goto contradict the record, and I think the court may inquire of their own officers, and attorneys are officers of the court in this respect, what the course of business is. The proof of that practice was, that on an application of the attorney of an insolvent debtor, the court will postpone the day of hearing, and continue it from day to day during the term; and the attorney of the insolvent debtor proved the fact, that the case of this insolvent debtor was continued from day to day; and if even it had been necessary that the continuance-should appear of record, the court would direct the prothonotary at any time so to amend the record, by the insertion of the order for continuance; for the attorney of the insolvent swears, that the court, on Hawk’s not appearing, on his application, continued the hearing from day to day.. The court had authority so to do. We are not now to inquire why they exercised this discretion. The reason for the continu- *176 anee is never stated on the record, and if it was, this court, in this indirect manner, cannot reverse the sentence of discharge, though they might conceive that the reason for granting the continuance was not a sufficient one. The insolvent might have been taken sick, or broken his leg in his way to the court; the waters might have been impassable; many accidents might have occurred to have made it the duty of the court to continue the hearing, and we must suppose the court has done its duty.
Judgment affirmed.