the opinion of the court was delivered by—
Tilghman, C. J.
This was an action of debt on bond, brought by Daniel Stannard, the defendant in error, against James MlKee and others, the plaintiffs in error. The following is the substance of the case, as it appears on the record, on a demurrer by the defendants to the plaintiff’s replication. James McKee having been arrested on a capias ad satisfaciendum issued against him on a judgment obtained by the said Daniel Stannard, in order to obtain his discharge from imprisonment, by virtue of an act passed the 28th of March, 1820, gave bond, with the other defendants, his sureties, to the said Stannard, with condition, ei that if the said M‘Kee should be and appear at the'next Court of Common *381 Pleas of Indiana county, then and there to make application for the benefit of the several acts for the relief of insolvent debtors, and should abide all orders of the said court, in and about the premises, then the said obligation should be null and void, otherwise it should remain in full force and virtue.” M‘Kee appeared at the next Court of Common Pleas of Indiana county, and exhibited his petition for the benefit of the insolvent act, whereupon the court appointed -another day for his appearance, and ordered him to give notice thereof to his creditors; but he neither gave such notice, nor appeared himself on the day appointed.
There is no doubt, that by thus failing to comply with the orders of the court, the condition was broken and the bond forfeited. But the defendants contend, that nevertheless the plaintiff is not entitled to recover against them, because the condition was not according to the act of assembly, and therefore the bond was void. The condition prescribed by the act, is, “ that the said debtor shall be and appear at the next Court of Common Pleas for the said county, then and there to take the benefit of the insolvent laws of this commonwealth, and to surrender himself to the jail of the said county, if he fail to comply with all things required by law, to entitle him to be discharged, and generally to abide all orders of the said court.” Now, the condition of the bond given by the defendants differs from that required by the law in an important particular; viz. in omitting that part which relates to the debtor’s surrendering himself to prison. The consequence of this omission is, that although he should surrender himself, the bond would be forfeited, because he did not comply with the order-of the court to give notice to his creditors. In fact, for any thing that appears on the record, he may have surrendered himself, The plaintiff does not aver that he did not, in the breach assigned in his replication; nor could such a breach have been properly assigned, because the condition of the bond makes no mention of a surrender, neither could the defendant have pleaded his surrender, or, if he had, the plea would have been bad on de- . murrer. Thus, we see that the defendant and his sureties were deprived of the advantage intended them by the. act, of avoiding the forfeiture of the bond, by a surrender. Taking for granted, then, that the condition of this bond is substantially variant, from the act of assembly, what is the consequence in law ? I consider it clear that the bond. is void. It is not a voluntary bond, but one that is given to obtain a discharge from imprisonment; and this discharge the debtor is entitled to, on the conditions prescribed bylaw; but this bond binds him to harder conditions, and the plaintiff had no right to exact them. The law,.as I have laid it down, is supported by the best authority. In the case of Armstrong v. United States, (1 Peters, 46, 47,) it was decided, that an official bond given by a collector of the internal revenue of the United States was void, as to that which bound him and his sureties to *382 account for money collected before the date of the bond, because the act of congress, under which it was taken, extended only to money collected after the date. But there is no dividing the obligation at present before us. From the nature of the omission, the bond must be void in toto. This court had occasion to consider the matter now under consideration, in two cases decided the last term: Cochran &c. v. M'Knight, and Beacom v. Holms, &c.* And in both it was held, that a bond substantially differing from the act of assembly, was absolutely void.
I am therefore of opinion, that the bond of the defendants was void, and judgment should have been given for them on the demurrer. The judgment is to be reversed, and judgment entered in this court for the plaintiffs in error.
Judgment below reversed, and judgment in this court for the plaintiffs in error.

 See 13 Serg. & Rawle, 190.