[Chambersburg, October 30, 1828.]

### GALLAGHER, for the use of GUSS, *against* KENEDY and another.

#### IN ERROR.

Parol evidence is not admissible to show the grounds of an order or decree of the Court of Common Pleas.

The surrender of the principal, to the custody of the sheriff, on the first day of the term appointed for hearing, discharges the bail from his liability on the bond to take the benefit of the insolvent acts.

Error to the Court of Common Pleas of *Perry* county.

*Crawford,* for the appellant.
*Chambers, contra.*

The opinion of the court was delivered by

Smith, J.—Debt, by *George Gallagher,* for the use of *Henry Guss,* plaintiff below, and plaintiff in error, against *Joseph H. Kenedy* and *Samuel Ross,* on an insolvent bond, taken in pursuance

(Gallagher, for the use of Guss, *v.* Kenedy and another.)

of the act of assembly of the 28th of *March,* 1820. The pleas were, payment, and performance of the conditions of the bond. Replication, *non solvit,* and non-performance, and issues. Trial, and verdict for *Samuel Ross,* and against *Joseph H. Kenedy,* and judgment.

On the trial, the plaintiff gave in evidence the above stated bond, dated the 4th of *February,* 1825, which had been approved by Judge ANDERSON, on the 5th of *February,* 1825, and informally assigned to *Henry Guss,* on the 12th of *September* following. The defendants, on their part, gave in evidence the petition of *Joseph H. Kenedy,* filed on the 7th of *April,* 1825, praying the Court of Common Pleas of *Perry* county, to extend to him the benefit of the insolvent laws, together with the proceedings thereon, that is to say, the order of the court appointing the 1st day of *August,* 1825, to hear the petitioner and his creditors; and further, directing fifteen days' notice to be given to them, before the day of hearing; the continuance on the said 1st day of *August,* of the proceedings, on motion, until next term, and an order directing notice to the creditors, to be given in the *Perry Forrester,* more than fifteen days before the said term; motion of *Samuel Ross,* the bail of *Joseph Kenedy,* on the 7th of *November,* 1825, (being the first day of the then next term,) requiring, that the petitioner, *Joseph H. Kenedy,* should be surrendered in discharge of his bail, he, being then actually in jail, and in the custody of the sheriff; and, the order of the court, thereupon, directing that he should be surrendered to the custody of the sheriff, and be held and kept by him in pursuance of this order, according to law, and until he should be legally discharged; to which order *Henry Guss* objected at the time.

The plaintiff's counsel then offered to show to the court, the *grounds* of the continuance of the petition of *Kenedy,* by the court, on the 1st day of *August,* 1825, and that it was on account of the sickness of the petitioner's family, and the omission occasioned by it, to serve his notices legally on his creditors. This evidence was objected to, and overruled by the court, whereupon the plaintiff's counsel excepted. The decision of the court below upon this offer, is the first error assigned by the plaintiff, in this court. The evidence was here closed, and the court charged the jury as follows:—

" We think, the court had a right to continue the hearing of a case of an insolvent debtor, from term to term, upon ground laid. In this case it was so done, and the principal surrendered by the bail in discharge of his liability on the bond. We are of opinion, the surrender discharged the bail; but, a recovery may be had, if the plaintiff wishes it, against *Kenedy,* the principal."

To this direction the plaintiff excepted, and has also assigned it for error.

As to the *first* exception, the court below, believing that parol evidence was incompetent to show *the grounds* of an order, or decree of a court, rejected the evidence offered, and very correctly. It

(Gallagher, for the use of Guss, *v.* Kenedy and another.)

has been repeatedly ruled, that an order, decree, or judgment of a court, having competent jurisdiction over the subject-matter, is conclusive and final, and cannot be examined again, collaterally, in another action. It was so decided by this court in *Sheetz* v. *Hawk,* *et al.,* 14 *Serg. & Rawle,* 173, where the record of the discharge of an insolvent debtor was declared to be conclusive, as to facts appearing in it, and that it cannot consist with the general analogy of the law, that, in a collateral action, there can be *any inquiry* on the facts, which they have decided. The same reasoning applies with equal force against the attempt to inquire into *the grounds* of the decision of a court. The principle is the same, and I cannot discover any difference. We must presume, that the court, in giving its decrees, has done its duty. To examine into the grounds or reasons of their decisions, in a collateral suit, would lead to endless inquiries, and would not comport with the welfare and peace of the public. . Some of these principles have been recognised at this term, in the case of *Asper* v. *Lease et al.* In fact, I believe no case can be found, in which parol evidence, respecting *the grounds* of the judgment of a court, has been admitted. See *Leg* v. *Leg,* 8 *Mass. Rep.* 99. The court was, undoubtedly, correct in refusing evidence calculated to show *the grounds* on which it had decided, and made a decree in another proceeding.

As to the objections made to the charge of the court, they are equally clear of difficulty. Why, I would ask, should not courts of justice, upon proper and legal grounds shown to them, have a right to continue from term to term, the trial of a cause? Has this discretion ever been denied to a court? Is it not constantly, nay, daily, exercised by all courts, justices of the peace, referees, arbitrators, and every other tribunal of justice? In the case of *Sheetz* v. *Hawk,* it appeared, that the hearing of the insolvent debtor, was continued from day to day, by the court, it being the practice of that court. When the case came before the Supreme Court, they said, the court below had authority so to do. The power of the court, to continue the hearing of a cause, is necessary to the due administration of justice; for many accidents may occur, to render it the absolute duty of a court to continue and postpone the hearing, some of which are enumerated by Justice DUNCAN, in the case just referred to. I, therefore, can perceive no error in this part of the charge.

But it is further insisted, that the court below also erred, in stating to the jury, that the surrender of the principal to the custody of the sheriff, discharged the bail from his liability on the bond. The bond was conditioned for *Kenedy,* to appear at court, there to remain, and abide the final order of the court, and to comply with all things required by law to procure his discharge under the insolvent laws, &c. For the performance of this condition by *Kenedy, Ross* become bound. I assume it, as a well established principle, that a surety is not answerable beyond the scope of his

(Gallagher, for the use of Guss, *v.* Kenedy and another.)

engagement. It is very evident, that in this case, *Ross* engaged that *Kenedy* should appear at, and abide the final order of the court, which final order was, that he should be surrendered to the custody of the sheriff in discharge of his surety. He was so surrendered. This surrender, then, must leave the bail in the same situation as if *Kenedy* had been actually discharged; and it is only when the petitioner is neither discharged, nor surrendered on the day on which he was to be discharged, that the condition of the bond becomes forfeited, and the bail of course liable, which is not the case here. The charge of the court in this, was also correct, and the judgment must, therefore, be affirmed.

Judgment affirmed.