[CHAMBERSBURG, NOVEMBER 1, 1828.]

LEASE and another *against* ASPER.

IN ERROR.

*J, L,* being in custody, gave bond with surety, conditioned to appear, and "make application for the benefit of the several acts of assembly, and for the relief of insolvent debtors, and surrender himself to the jail of the county of C., in case, on his said application, the court should remand him to custody, and that he should do all things required by law to procure his discharge." *Held*, that this condition imposed no harder terms than the bond required by the act, and was substantially in conformity with the law.

Parol evidence is not admissible to show, that the Court of Common Pleas ought to have discharged a petitioner, instead of rejecting his petition.

ERROR to the Court of Common Pleas of *Cumberland* county. The plaintiffs in error were defendants below.

*Watts*, for the plaintiffs in error.
*Alexander* and *Metzgar*, contra.

(Lease and another *v.* Asper.)

The opinion of the court was delivered by

RogErs, J.—This is a suit brought upon a statutory obligation, given by the defendants to the plaintiff. *George Asper* issued a *Capias ad Satisfaciendum* on a judgment rendered against *Jacob Lease;* and for the purpose of obtaining his discharge, *Lease* executed the bond in question, with *John Meixwell* as his surety, with condition underwritten:—

"That the said *Jacob Lease* shall be, and appear, &c. and make application for the benefit of the several acts of assembly, and for relief of insolvent debtors, and surrender himself to the jail of the county of *Cumberland,* in case, on his said application, the court should remand him to custody, and that he should do all things required by law to procure his discharge."

It is contended, that there is no authority to take a bond in this form: That the terms of the bond vary from the act of assembly of the 28th of *March,* 1820. When we consider, that by the execution of the bond, the defendants procured *Lease's* discharge from custody, and that the plaintiff was deprived of the highest remedy known to the law, and that, without the agency, and in most cases, without the knowledge of the plaintiff, the justice of the case does not require that we should be very astute in finding objections to the form of the instrument. It is the bond of the defendants, given in case of *Lease,* approved of by a judge in vacation, over which the plaintiff had no control. It purports, and is intended to be, in compliance with the directions of the act of assembly. The object was well understood by the parties, and there is no hardship to award a forfeiture of the bond, to require a substantial compliance with the directions of the act of assembly. Had *Jacob Lease* surrendered himself into custody, when the court refused to discharge him, he would have saved his bond. Although the terms are used in the bond, that he would surrender himself, if remanded by the court, a voluntary surrender would have been a substantial compliance with the engagement, which looks to, and is made in reference to the requisitions of the statute. If the bond be a substantial compliance with the act of assembly, binding the defendant to no harder conditions than the act of assembly, the bond is not void; and this is in accordance with the case of *Greenfield and others* v. *Yeates and others,* decided at this term. *Beacom and others* v. *Holmes,* 13 *Serg. & Rawle,* 190, was the case of a bond, as the court said, given under confinement, and to relieve the debtor from duress, illegally required. The illegality consisted in requiring the defendant to give bond for all the debts, when by law, he was only bound to give bond in an amount sufficient to cover the debt on which he was arrested. So also in *M'Kee* v. *Stannard,* 14 *Serg. & Rawle,* 380, the defendants were bound to harder conditions than were required by the act of assembly. In this case, *Jacob Lease* is not bound to harder conditions; on the contrary, the conditions of the

(Lease and another *v.* Asper.)

bond are substantially in accordance with the act of assembly, which is all that is required in the cases decided at the present and preceding terms.

After the admission of the bond, the defendants offered to prove, that the proper affidavit, as printed in the petition, was made by *Lease* before the witness, who was the justice of the peace; and that by mistake, he put his name and attestation below the form of the assignment. They also offered to prove, that the petition and application were rejected on the ground of the alleged defect of the affidavit, and that was the only objection made to his discharge. The evidence offered was rejected, on the ground, that the decree of the court, rejecting the petition, was final and conclusive. That the decree of a court of competent jurisdiction, is conclusive, and cannot be re-examined in a collateral action, is too well settled to be now the subject of dispute. It would be useless labour, to cite authorities to prove the general position. In a late case, *Sheetz* v. *Hawk, et al.*, 14 *Serg. & Rawle,* 173, the Supreme Court decided, " That the record of the discharge of an insolvent debtor is conclusive, as to the fact of his having complied with all things required by law, to entitle him to his discharge, and cannot be inquired into in a collateral action." I cannot see a distinction between the cases; the principle is the same in each. Had the insolvent submitted the same facts to the Court of Common Pleas, when applying for the benefit of the act of assembly, it may be, he would have been entitled to his discharge. But this he omitted to do, and having failed in his proof, the propriety of the decree of a court having jurisdiction over the whole case, is not now open to inquiry. And this comports with the peace of society and all the analogies of law.

On the whole case, we are of opinion, that the plaintiff is entitled to recover, and that the judgment be affirmed.

Judgment affirmed.