**SAMUEL HEILNER, for the use of FREYTAG and KÄMPMAN, *against* JACOB BAST, JOHN WANNER, and SAMUEL FEGELLY.**

In the case of an application for the benefit of the insolvent laws, the decree of the court, "Proceedings quashed by order of the court," is conclusive evidence, that the applicant did not comply with the terms of his bond; and the cause of such order cannot be inquired into collaterally.

It is the duty of the applicant to surrender *himself* to prison, if he fails to comply with all things required by law to entitle him to be discharged.

*Quere.* Whether the court has power to recommit the applicant, except he had been guilty of fraud.

After an insolvent bond is forfeited, the issuing of an *Als. Ca. Sa.* by the same plaintiff, upon which the insolvent gave another bond, and was subsequently discharged by law, is not a waiver of his right of action upon the first bond.

WRIT of error to the Common Pleas of Berks county.

This was an action of debt upon an insolvent bond, brought by *Samuel Heilner*, for the use of *Freytag* and *Kampman*, against *Jacob Bast*, *John Wanner*, and *Samuel Fegelly*.

The bond, dated 1st July, 1825, was in the penalty of two thousand dollars, with the following condition annexed. "Whereas the above bounden *Jacob Bast*, hath been arrested, and is now in arrest, at the suit of the said *Samuel Heilner*, for the use of *Freytag* and *Kampman*, for the sum of one thousand and three dollars and fifty-seven cents, besides costs; and the said *Jacob Bast*, having made application to the honourable *Jacob Schneider*, one of the judges of the court of Common Pleas of the county of Berks, to be released from such confinement, on his entering into bond with sufficient security, to comply with the provisions of the act of the general

35

assembly of the commonwealth of Pennsylvania, passed the twenty-ninth day of January, A. D. 1820, entitled "A supplement to the act entitled, an act for the relief of insolvent debtors," and the said Jacob Schneider having approved of the above named John Wanner, and Samuel Fegelly, security for the said Jacob Bast.

"Now the condition of the above obligation is such : that if the said Jacob Bast, shall appear before the honourable the Judges of the court of Common Pleas for the county of Berks, at the next term of said court, to be holden on the first Monday of August, A. D. 1825, and then and there remain, and abide the final order of the said court, to be made during the said term, and then and there surrender himself to prison, in case (on his appearance before the said court,) he shall not comply with all things required by law, to procure his discharge from confinement: then the above obligation to be void, otherwise to remain in full force and virtue."

After the plaintiff had given in evidence this bond and rested : the defendants gave in evidence the *capias ad satisfaciendum*, at the suit of the said *Samuel Heilner*, for the use of *Freytag* and *Kampman,* v. *Jacob Bast*, upon which the defendant had been taken, and had given this bond, and the sheriff's return thereon " discharged on giving bond."   They then showed the petition of *Jacob Bast*, regularly presented at the next term, according to the condition of his bond, the order of the court thereupon, appointing a day for hearing the petitioner and his creditors ; the notice to creditors published according to the order of the court, and exhibited the record of the court, showing that the said *Jacob Bast*, together with ten others, who were to appear at the same time, had regularly appeared on the day, and at the time fixed, when the court, for reasons which did not appear upon the record, made the following order, "the proceedings quashed by order of the court."   The defendants further gave evidence that afterwards, to wit, to January term, 1826, an *alias capias, ad satisfaciendum*, issued at the suit of the same plaintiffs against the same defendant, upon which the sheriff returned " *Tarde venit :*"   That a *pluries capias*, issued to the next term upon which the said *Jacob Bast* was taken, and gave another insolvent bond with *John Wanner*, as his security : that in discharge of this bond, *Jacob Bast* appeared at the next court, filed his petition, and was afterwards regularly discharged, under the insolvent laws, on the 8th August, 1826.

To all which evidence the plaintiffs demurred, and the defendants joined in the demurrer.

The court of Common Pleas gave judgment for the defendants.
*Smith*, for plaintiffs in error.

The questions presented are : Is the bond upon which the suit is brought, so formal, as that the plaintiffs may recover upon it; have its conditions been complied with ; and if not; have the plain-

(Samuel Heilner, for the use of Freytag and Kampman, *v.* Jacob Bast, John Wanner, and Samuel Fegelly.)

tiffs done any thing which amounts to a waiver of their right to recover.

It has already been decided, that this bond is a substantial compliance with the act of assembly, and valid. *The Farmers Bank of Reading*, v. *Boyer*, 16 *Serg. & Rawle*, 48. The petitioner did not comply with all things necessary to procure his discharge, for the proceedings were quashed by a decree of the court, and that decree is conclusive, and cannot be controverted. *Sheets v. Hawk, et. al.* 14 *Serg. & Rawle*, 173. *Lester* v. *Thompson*, 1 *Johns.* 300. *Leese v. Asper, M. S. S.* decided at Chambersburg, 1828. It is not necessary that there should be an order of the court for the delivery of the insolvent into prison; act of 1820. *Ingraham on insol.* 14--15. The issuing of the *alias* and *pluries ca. sa.* operated for the benefit of the sureties, and they cannot complain of it, *Ingraham on insol.* 29. *Sharp* v. *Speckenagle*, 3 *Serg. & Rawle*, 463. At all events the second proceeding by the plaintiffs, was the obtaining of an additional security, and the circumstance of one of the same sureties going into the second bond, the plaintiffs had no controul over; nor does it alter the nature of the case.

*Deckert* and *Biddle*, for defendants in error.

This insolvent with all the others at that term, were refused their discharge, exclusively on the ground that their bonds were defective; and the present plaintiffs acquiesced in this opinion for two years before they brought suit. This is an ungracious claim. The insolvent has substantially complied with the condition of the bond, by appearing and submitting to the order of the court, who quashed all the proceedings, including the bond. If the court erred, that error should not now be visited upon the heads of innocent bail; particularly, as the insolvent was within a reasonable time thereafter discharged upon another petition, when arrested at the suit of the same plaintiffs. If the second bond was an additional security, it was discharged and satisfied by the final discharge of the insolvent, and any one of the securities being discharged, was a discharge of all.

*Baird* in reply. This is a demurrer to evidence which is upon the record, and upon that alone this court must decide. Why the insolvent was not discharged, does not appear; nor could it appear, if it had been offered in evidence. The court had no power to quash the bond; to destroy a subsisting contract between the insolvent and his creditors. The only question then is, did the subsequently issuing the *alias* and *pluries ca. sa.* waive the first bond. There is no express waiver, and certainly it cannot be so by construction; for the bail were not prejudiced by it. The pursuit of the original debtor *by due process of law*, can never exonerate his bail.

(Samuel Heilner, for the use of Freytag and Kampman, *v.* Jacob Bast, John Wanner, and Samuel Fegelly.)

The opinion of the court was delivered by

ROGERS, J.—*Jacob Bast,* being in the actual custody of the sheriff of Berks county, gave bond to the plaintiffs, at whose suit he was arrested, with the sureties required, and regularly approved of by a judge at his chamber, whereupon, in compliance with the act of the 28th March, 1820, he was discharged from arrest. The bond, which is in accordance with the act, 16 *Serg. & Rawle,* 48. *Farmers Bank of Reading* v. *Boyer,* has the following condition under written, that *Jacob Bast* will appear, &c. before the court of Common Pleas of Berks county, at the next term, &c. and then and there surrender himself to prison, in case, on his appearance, he shall not comply with all things required by law, to procure his discharge. *Bast* filed his petition in due form, and in the other preparatory steps complied with the directions of the act, and the court appointed a time for hearing him and his creditors, but for a reason, which is not stated, and if it were, would be immaterial, they refused to discharge him, and made the following entry, " Proceedings quashed by order of the court." From this entry, which is the only one on the record, it appears that *Bast* failed to comply with all things required by law to procure his discharge. Being the decree of a court of competent jurisdiction, it is immaterial what may have induced the decision, for if, as was ruled, in *Sheets* v. *Hawk, et. al.* 14 *Serg. & Rawle,* 173, the record of the discharge of an insolvent debtor is conclusive, as to the fact of having complied with all things required by law to entitle him to his discharge, then the refusal to discharge him must be equally conclusive, and not the subject of enquiry in a collateral suit. The record conclusively shows that *Bast* was not discharged, and is evidence which cannot be controverted, that a substantial condition of the bond has not been complied with. The entry, " Proceedings quashed by order of the court," was tantamount to a decree that he had failed to comply with some of the essential requisitions of the statute, and whether the opinion of the court was right or wrong, is not open to enquiry. On the refusal of the court to discharge the petitioner, it was his duty to surrender himself to prison in discharge of his bail, and this without any order of the court for that purpose. It is the express condition of the bond, that he will surrender *himself,* in case he shall not comply with all things required by law to procure his discharge. Indeed, it may admit of doubt, whether the court would have power to recommit the prisoner, except he had been guilty of fraud. After the rejection of his application for the benefit of the act, he had one of two courses to pursue, either to surrender himself to prison, or forfeit his bond. This was a matter for himself to determine, but a case may be readily supposed where the petitioner would rather submit to

(Samuel Heilner, for the use of Freytag and Kampman, *v.* Jacob Bast, John Wanner, and Samuel Fegelly.)

the latter alternative.   It has been contended that by the entry, "Proceedings quashed, by order of the court," the bond was vacated.   We cannot suppose this to have been the intention of the court, as they would clearly have no such power; and if they had expressly vacated the bond, such an order would have been a mere nullity, and treated as such in a suit to recover on it.   The bond is directed by the act to be given to the plaintiff, at whose suit he is arrested, and for his benefit, so that I cannot believe that the court would have greater power than in the case of an ordinary bond, or any other instrument of writing whatever.   The common law does not recognize such summary proceedings, which would deprive the plaintiff of his remedy of trial by jury, and the opportunity of review in the supreme court.   But it has been contended, that the *alias ca. sa.* and the subsequent discharge waives any right of action which he might otherwise have on the bond.   This argument is rather specious than solid, for the *alias* is not in prejudice, but for the benefit of the bail.   It is obviously to their advantage to pursue the principal, and compel him to assign his property for the benefit of his creditors.

Judgment reversed, and a <em>venire de novo</em> awarded.