# Hutton *against* Helme.

# Tracy *against* Kelly.

The bail of an insolvent is entitled to every part of the condition of the bond prescribed by the act of the assembly; and if it do not contain the alternatives of a procurement of a discharge or a surrender to gaol, no recovery can be had upon it.

WRITS of error to *Luzerne* and *Bradford* counties.

James Hutton's executor against Oliver Helme, and George Tracy against William Kelly. Each of these was a suit on an insolvent bond; the first having the following condition:

" The condition of this obligation is such, that if the above bounden Christopher Appleton shall be and appear at the next court of common pleas, to be held for the county of Luzerne, the first Monday of January next, then and there to take the benefit of laws of this commonwealth and abide such order as the court shall make in his case; then this obligation to be void, otherwise, in full force and virtue."

[Hutton v. Helme.]

The second had this condition:

" The condition of the above obligation is such, that if the said Elinas Beebe, do and shall appear at the next court of common pleas of Bradford county, to apply for the benefit of the laws of this commonwealth passed for the relief of insolvent debtors and comply with the requisitions of the said laws and the orders of court in relation thereto; then this obligation to be void, but otherwise to remain in full force."

In each case the objection was made, that the condition of the bond was not in substance such as the law requires, and the respective courts below, (Scott, President, and Herrick, President,) rendered a judgment for the defendant.

*Overton, Woodward* and *Jessup*, for plaintiffs in error.
*Connyngham* and *Williston*, for defendants in error.

PER CURIAM.—The bond of an insolvent debtor is not a voluntary one. He gives it not of choice, but by compulsion of circumstances, and he is, therefore, entitled to the liberation, which is the consequence of it, on terms as favourable as the law allows him. If the magistrate who is to judge of the matter exacts more, the bond is illegal, and its terms will not be enforced. It is settled that an obligor is entitled to the benefit of every part of the condition, as in Kemmel *v.* Kent, 2 *Watts,* 431; and it is immaterial to the question whether he be deprived of it by subsequently rendering an inserted branch impossible, or by omitting to insert it when the law prescribes it. Now the law prescribes here, a condition, with alternate branches, or, to speak more accurately, with a double aspect—the procurement of a discharge, or a surrender to gaol in lieu of it—and the bond will be good if it exact less than these terms, as in The Farmers' Bank *v.* Boyer, 16 *Serg. & Rawle* 48; but not where it exacts more, as in M'Kee *v.* Stannard, 14 *Serg. & Rawle* 380. This last case is directly in point in all particulars and rules the present.

Judgment in each case affirmed.