*Court of Common Pleas, Dauphin County, February 1st,* 1860.

IN THE MATTER OF TAYLOR'S APPLICATION FOR THE BENEFIT OF THE INSOLVENT LAWS.

The failure of an applicant for the benefit of the insolvent laws to appear on the day fixed for hearing works a forfeiture of the bond, and the court has no power to relieve the petitioner or his surety.

BY THE COURT.—At the May Term of the Court of Common Pleas of this county, S. E. Taylor presented his petition for the benefit of the insolvent laws, and the court fixed the first day of August Term as the time of hearing between him and his creditors, of which notice was duly given as ordered. The first day of August Term was Monday, the 22d. On that day no mention was made of the subject by the petitioner or his counsel, nor was it called on for a hearing until Saturday, the 27th, when the counsel of the petitioner asked the court to postpone the hearing until Monday,

[In the matter of Taylor's Application for the Benefit of the Insolvent Laws.]

the 29th. On that day the attention of the court was again directed to the case, when the counsel of the creditors asserted that they had been ready with witnesses on the day fixed for the hearing, that the witnesses had been detained throughout the day, but on the petitioner failing to appear, they considered the case at an end, and the bond forfeited; and further, that they were not in court when the matter was postponed on Saturday. The court then held the case under advisement. On the 31st of August, an affidavit of one of the creditors was filed, stating that he was present with his witnesses and counsel ready to contest the right of the petitioner to a discharge on the 22d, and detained his witnesses all day in court for that purpose. This we believe to be a correct statement of the facts, and the question presented is, do they amount to a forfeiture of the bond given by the petitioner and his security, or can he yet demand a hearing and discharge?

If the court possess the power to grant relief in this case, it is our disposition to do it, being satisfied that the failure to present himself on the day fixed in the order of court was a mere oversight of the petitioner and his counsel.

We consider it clearly settled that the creditor has a vested interest in the bond given by his debtor, conditioned to take the benefit of the insolvent laws, of which the court cannot deprive him. If the bond is forfeited, there is no power in law to relieve the petitioner (1 Penna. 12, 270, 271; Ashmead, 102).

The condition of the bond requires the debtor to appear at the next term of the Court of Common Pleas, and then and there present his petition for the benefit of the insolvent laws, and abide all the orders of the court. A time of hearing between the petitioner and his creditors must be fixed, either by general order, or one specially made in the particular case, and at least fifteen days' notice must be given to the creditors of the time and place fixed for the hearing. Our only rule of court on the subject requires publication in at least two newspapers for three weeks, the last insertion to be at least fifteen days before the day of hearing; unless otherwise ordered; according to our construction both of the act of Assembly and the rule of court, a particular day must be appointed for the hearing; the creditor is not obliged to attend during the whole term to examine his debtor in relation to his effects, or bring and detain witnesses for an indefinite period to resist his discharge. The phraseology of the act of Assembly is entirely changed when it fixes the time of presenting the petition and the hearing of the insolvent. The former is to be done at the next term, the latter on a time certain. It is true that in Sheetz *v.* Hawk (14 S. & R. 175), Judge Duncan speaks of the term as one day, and so it is for many purposes, and there is no doubt of the power of the court to continue the hearing of insolvents from day to day or time to time throughout the term, but

[In the matter of Taylor's Application for the Benefit of the Insolvent Laws.]

it must be done by the court, its action is required, and it will not do for the applicant to come forward on such day through the term as suits his convenience.    That decision was made under the act of 1813, but the words are substantially the same as those of the act of 1836.    A time and place of hearing must be fixed in the notice.    The point now presented did not arise in that case; there the counsel for the applicant on Monday of the court, the day appointed for the hearing, asked for a continuance till Wednesday, which was granted, and on that day the insolvent was discharged. The only defect was that the record did not show the continuance; but the court held that the subsequent discharge was conclusive that all things required by law and the order of court had been complied with.    Many of the later cases show that the greatest strictness on the part of the petitioner is required.    In Frick *v.* Kitchen (4 W. & S. 30), it is decided that if the insolvent surrenders himself on the next day after the one appointed for the hearing, it is too late.    *He must surrender himself on the day when his discharge is refused.*    But a surrender on the first day of the term is a compliance with the condition (Gallagher *v.* Kennedy et al., 2 Rawle, 163).

So far as come under our observation, or we have been able to learn from others still older in the practice, the usage has been uniform for the applicants for the benefit of the insolvent laws to present themselves on the day fixed for hearing, or on their inability so to do the counsel conducting the business has asked for a continuance from time to time, and a failure to do either has always been considered a forfeiture of the bond.

The application on Saturday to continue the case over till Monday, and the order of the court to that effect, cannot relieve the petitioner or his surety, as the bond was already clearly forfeited, and no action of ours could take off the forfeiture, nor was it so intended, but was done as a matter of course in the absence of the creditors' counsel (or if he was present against, his remonstrance), in order to have the facts fairly presented.

We are of the opinion that it is out of our power to order the petitioner's discharge at this time, that it was equally so on Saturday of the August Term when we continued the case, and that the bond was forfeited by his non-appearance on the Monday fixed for his hearing.    Application for a discharge refused.