## Power *et al. versus* Graydon *et al.*

1. The bond given by an insolvent under the Act of July 12th 1842 for his appearance, &c., being a statutory bond and having for its object his release from arrest, is compulsory, and if it exacts more than the statute requires cannot be enforced.

2. Omitting from the condition, the clause, "or to a judge thereof if the court shall not within that time be in session," does not increase the obligation and make the bond inoperative, if the court be in session within 30 days.

3. On an arrest under the act,—ordering a warrant of commitment by the judge at the hearing, is an adjudication that the allegations against the debtor were substantiated.

4. A debtor having been arrested gave bond for his appearance to take the benefit of the insolvent laws, and on hearing was bound over to the Quarter Sessions and convicted of fraudulent insolvency; a motion for a new trial and in arrest of judgment was made, and defendant's recognisance was forfeited; the motion for a new trial was overruled, but there was no record as to the arrest of judgment; his petition was dismissed by the Common Pleas, but he did not surrender himself and suit was brought on his bond. *Held*, that it was not premature for want of decision on the motion in arrest of judgment.

5. Final action on an insolvent's petition is suspended after his committal for trial in the Quarter Sessions, but not after he came into default in disobeying the orders of the court, &c.

ERROR to the Court of Common Pleas of *Crawford county*.

This was an action of debt, commenced January 29th 1861, by William Graydon & Co. against William M. Barron, Alexander Power and S. J. Johnson, on an insolvent bond by Barron, with the other defendants as his sureties.

The plaintiff had recovered judgment against Barron and another for $790.88. On the 6th of February 1860, a warrant of arrest under the Act of 1842 was issued against Barron, and on the hearing a warrant of commitment was issued from which he was discharged, he and the other defendants having entered into bond with this condition:—"That if the said William M. Barron will, within thirty days from this 6th of February 1860, apply by petition to the Court of Common Pleas of Crawford county for the benefit of the insolvent laws of this Commonwealth, and that he will comply with all the requirements of said law, and abide all orders of the said Court in that behalf, or in default thereof, if he fail in obtaining his discharge as an insolvent debtor, that he shall, on the day of his so failing, surrender himself to the jail of the said county, then this obligation to be null and void," &c.

Barron filed his petition on the 17th of February 1860, and the second Monday of the next April was appointed for a hearing. The hearing was continued from time to time until the 23d of May 1860, when Barron was ordered to enter into recognisance to appear at the next Court of Quarter Sessions, to answer the charges of fraudulent insolvency, &c.; and on the same day objections to his discharge were filed. On the 15th of November

Barron was convicted; on the 17th a motion for a new trial and in arrest of judgment was entered, and same day, he not appearing, his recognisance was forfeited and respited. On the 21st of January 1861, " motion for new trial overruled."

In the Common Pleas on the 23d of January, Barron's application for the benefit of the insolvent laws was dismissed, and an order issued remanding him to the custody of the sheriff; to which the sheriff returned, " William M. Barron not in my custody, and not in my bailiwick."

On the trial, before Johnson, P. J., the defendant offered to prove :—

" That on the 17th of November 1860, when the motion for new trial and in arrest of judgment was made by William M. Barron in the indictment in the Quarter Sessions, and at the time the forfeiture of the recognisance was entered, he, Barron, the defendant therein, was really present in court, but at the suggestion of the court, formally stepped outside of the court-room door into the hall for the purpose of having his recognisance forfeited *pro forma*, at the instance of these opposing creditors, and that immediately afterwards Barron returned to the court-room in pursuance of the previous understanding with the court, and there awaited the further order and adjournment of the court, which took place shortly afterwards, without any other or further order made touching the premises." The offer was rejected.

The Act of July 12th 1842, § 11, Purd. 37, pl. 60, Pamph. L. 346, provides, that the insolvent shall " within 30 days apply by petition to the Court of Common Pleas of the county, or to a judge thereof, if the court shall not within that time be in session, for the benefit of the insolvent laws of this Commonwealth, and comply with all the requisitions of the said law, and abide all orders of the said court in that behalf, or in default thereof, and if he fail in obtaining his discharge as an insolvent debtor, that he shall on the day of his so failing, surrender himself to the jail of said county."

The defendants submitted the following points, which the court answered in the negative, and charged that the plaintiffs were entitled to recover :—

1. There having been no adjudication by the judge on the hearing before him, that the allegations of the complainants were substantiated, and such as contemplated and required by the 8th section of the Act of 1842, under which the proceedings were had, the bond was unauthorized and not obligatory on the defendants.

2. If the applicant for the benefit of the insolvent laws presented his petition within thirty days from the date of the bond, and complied with all the requisitions of the insolvent laws of this Commonwealth to entitle him to a hearing, and upon that hearing, the court ordered him to enter into recognisance for his appear-

[Power *v.* Graydon.]

ance in the Court of Quarter Sessions at the term then next, to answer, &c., and the applicant did so appear and submit himself to the jurisdiction of that court, the bond is not forfeited by reason of non-surrender, until that court has finally adjudicated upon his case.

3. That by the record, the criminal proceedings against the applicant were pending and undetermined at the time this action was brought, and consequently the jurisdiction of the Common Pleas to dismiss the insolvent application did not attach, and the plaintiffs cannot recover.

The rejection of the evidence offered, the answers to defendant's points, and charging that the plaintiffs were entitled to recover, were the errors assigned.

*G. Church*, for plaintiffs in error.—The bond should have been shown to have been upon an adjudication, or it was voluntary and not forfeited by the omissions alleged. The condition of the bond was statutory, and, if the difference is a substantive one, the bond is void: Act of 1842; Beacom *v.* Holmes, 13 S. & R. 190; McKee *v.* Stannard, 14 Id. 380; Hutton *v.* Helme and Tracy *v.* Kelly, 5 Watts 346; Haviland *v.* Hayward, 11 Casey 459. The suit was instituted prematurely. A surrender after process is useless: Mason *v.* Benson, 9 Watts 288; 2 Ash. R. 433; Binney's Case, 1 Id. 261; Potts *v.* Fitch, 1 Pa. Law J. 111; s. c. 2 Barr 173.

*J. Douglass*, for defendants in error, cited Farmers' Bank *v.* Boyer, 16 S. & R. 48; Heilner *v.* Bast, 1 Penna. R. 267; Lease *v.* Asper, 2 Rawle 182; Wolverton *v.* Commonwealth, 7 S. & R. 278; Sims *v.* Slocum, 3 Cranch 279; Sheets *v.* Hawk, 14 S. & R. 173; Lister *v.* Thompson, 1 Johns. 300; Leg *v.* Leg, 8 Mass. 99; Gallagher *v.* Kennedy, 2 Rawle 163; Frick *v.* Kitchen, 4 W. & S. 30; Kelly *v.* Stepney, 4 Watts 69; Potter *et al. v.* Norman *et al.*, 4 Yeates 388; McDonough's Case, 1 Wright 275.

The opinion of the court was delivered, November 5th 1866, by

STRONG, J.—A primary question in this case is whether the bond upon which the suit was brought is obligatory upon the obligors. It was given in pursuance of the provisions of the 11th section of the Non-Imprisonment Act of July 12th 1842. Barron, the principal, having been arrested by virtue of a warrant issued under the 4th section, and being about to be committed, gave a bond, with the defendants below as his sureties, conditioned that he would apply for the benefit of the insolvent laws of the Commonwealth.

This bond, it is now contended, has no validity, because it imposed harder conditions than he was required to perform by the

[Power v. Graydon.]

Act of Assembly under which it was taken in order to secure his release from imprisonment. It must be admitted that, being a statutory bond having for its object the release of Barron from arrest and confinement, and being therefore compulsory, if it exacts more than the statute requires, it cannot be enforced. Such is the doctrine asserted in Beacom v. Holmes, 13 S. & R. 190; in McKee v. Stannard, 14 Id. 380; and in Hutton v. Helme, 5 Watts 346. But does this bond impose a severer obligation than the law required the debtor to assume in order to obtain his release from commitment? We think it does not. The 11th section of the Act of 1842 enacts what the condition of the bond must be in substance. It does not prescribe the form. It requires the condition to be that the debtor will, within thirty days, apply by petition to the Court of Common Pleas of the county, or to a judge thereof, if the court shall not within that time be in session, for the benefit of the insolvent laws. In the condition of this bond as given, the obligors were bound that the debtor should, within thirty days, apply by petition to the Court of Common Pleas of Crawford county for the benefit of the insolvent laws. The alternative, " or to a judge thereof, if the court shall not within that time be in session," was not inserted. But the fact is that the Court of Common Pleas was by law required to be held in Crawford county within less than thirty days from the time when the bond was given. To that court he was bound to present his petition, and the obligation would have been the same had the alternative words been inserted in the condition.

His obligation was not then increased by the omission. It is a mistake to construe the requirement of the statute that application shall be made to a judge in the contingency that a court be not held within thirty days, as intended in relief, or for the benefit of the debtor. Its purpose was not exclusively, or even mainly, to confer enlarged rights upon him. In my opinion, the exact contrary is the fact. It was, I think, to compel an application for the benefit of the insolvent laws, at all events within thirty days, whether a court might be in session or not. If in session, the application must be made to the court; if not in session, it must be made to a judge of the court. The law does not contemplate that a court fixed by legislative enactment will not be held. Had there been no stated or adjourned court to be held in Crawford county in the interval between the giving of the bond and the end of thirty days thereafter, and had the bond been given conditioned that Barron should within thirty days apply to a judge of the court, it could hardly be claimed that he had been deprived of any right given him by the statute. Equally untenable is the position that, when conditioned that he should within thirty days apply to the court, and when the court was

held within that time, it required more than the Act of Assembly demanded. The court below, then, was not in error in ruling that the bond given by Barron and his sureties was obligatory upon the defendants.

Nor was there error in disaffirming the defendant's 1st point. If there was no adjudication by the judge who issued the warrant of arrest that the allegations of the complainant had been substantiated, and that Barron had done or was about to do any of the acts specified in the 3d section of the Act of 1842, it may be that the bond was not compulsory. In that case it would be good as a voluntary bond. But there was such an adjudication. The judge heard the complaint and ordered a warrant of commitment. It was then that Barron and his sureties gave this bond, whereupon he was discharged from arrest. All this is shown by the record. What was granting the warrant of commitment but an adjudication that the allegations of the complainant had been substantiated within the meaning of the Act of Assembly? Like every other judgment, it established that what was necessary to its rendition had been made to appear.

The 3d and 4th assignments of error may be considered together, for they present, in effect, the same question. It is whether this suit was instituted prematurely before Barron, the debtor, had failed to perform the conditions of the bond. The facts are these: The application to the Court of Common Pleas was made within the thirty days; a time was appointed for the hearing; the required notice was given to the creditors, and the hearing came on. But the court being of opinion there was just ground to believe that the applicant had been guilty of fraudulent insolvency, ordered him to enter into recognisance for his appearance to answer in the Court of Quarter Sessions. In obedience to this order, he was recognised to appear at the next session, which was in August 1860. At that term a true bill for fraudulent insolvency was found against him, and at the November sessions following he was tried and convicted. A motion was then made in arrest of judgment and for a new trial, which was argued on the 24th of November; and on the 21st of January 1861, the motion for a new trial was overruled. But before that time, namely, at the November sessions of 1860, Barron's recognisance was forfeited, and respited until November 24th. He never renewed it, nor did he surrender himself; and, so far as it appears, he never afterwards submitted himself to the jurisdiction of the Quarter Sessions. On the 23d of January 1861, after his motion for a new trial in the sessions had been overruled, and more than two months after his recognisance had been forfeited, the Court of Common Pleas dismissed his petition for the benefit of the insolvent laws, and ordered that he be remanded to the custody of the sheriff. It was not until after all this had

[Power *v.* Graydon.]

occurred, and Barron had failed to surrender himself, that this suit was brought.

Now it is plain that unless the judgment of the court dismissing the petition for the benefit of the insolvent laws was a nullity, Barron and his sureties are precluded by it from alleging that the condition of the bond was not broken, there being no pretence that he had performed the alternative condition, to wit, surrendering himself. It is, contended, however, that the court had no authority, on the 23d of January 1861, to enter a judgment of dismissal because the criminal proceeding in the Quarter Sessions had not then come to a final termination. It is doubtless true that final action upon an insolvent's petition is suspended when an applicant has been committed to await a trial in the Court of Quarter Sessions. But how long?

If, as in this case, the petitioner, instead of remaining in custody of the sheriff, is recognised to appear at the sessions, and he then absconds, has the Court of Common Pleas no power to dismiss his petition? Would the court have been powerless if he had been committed, and had then broken jail and escaped at any time before sentence? This cannot be. Though the action of the court may be delayed, it is not accurate to say that its jurisdiction is divested by a commitment of the debtor. The jurisdiction over the petition remains. Sending the petitioner to trial in a criminal court is the mode provided by law in which the Common Pleas is to ascertain whether he is entitled to a discharge. If, after trial in that court, he be acquitted, he is entitled to an insolvent's discharge, and only in such an event. Submission to a trial and to final judgment become his duty when he is sent for trial to the Quarter Sessions. By his bond Barron bound himself, not only to present his petition for a discharge, but to obey all orders the court should make in that behalf, and comply with all requisitions of the law. It was a part of the order of the court in sending him to trial that he should attend upon the sessions, and not depart the court without leave, and that he should enter into a recognisance binding him to these duties. When he forfeited his recognisance, he ceased to abide the orders of the court, and came into default. Nor was this all. He was convicted in the sessions. It is true that on the motion in arrest of judgment, no judgment that it should be overruled appears to have been entered, in words, before, his petition was dismissed. This was probably a clerical omission. It was substantially done. The motion for a new trial had been denied, and that was virtually a disposition of the motion in arrest. We hold, then, that the Court of Common Pleas, in view of the proceedings in the Quarter Sessions, might well have proceeded as they did to dismiss the insolvent's petition. Certainly their order to that effect was not void. It follows that this suit was not prematurely brought.

[Power *v.* Graydon.]

The case requires nothing more, unless it be the remark that the rejection of the evidence offered to show under what circumstances Barron's recognisance was adjudged forfeited in the Court of Quarter Sessions was so obviously right as to need no vindication.

Judgment affirmed.

Woodward, C. J., and Thompson, J., dissent, on the ground that the bond did not substantially conform to the condition prescribed by statute.