[CHAMBERSBURG, NOVEMBER, 1, 1828.]

SHRIVER *against* The COMMONWEALTH.

IN ERROR.

The record of the forfeiture of a recognisance in the proper court, is conclusive evidence of the forfeiture, in debt on the recognisance.

WRIT of error to the Court of Common Pleas of *Adams* county. The plaintiff in error was defendant below.

The judgment in the court below was in debt for three hundred dollars, on a forfeited recognisance. In *February,* 1827, the defendant, *George L. Shriver,* was bound over by a justice of the peace, in a recognisance in the sum of three hundred dollars, to appear at the next court of Quarter Sessions, to answer the complaint of ill treatment of his apprentice, *Elias Thompson,* and not depart without leave. The parties appeared in court, and on hearing, the

(Shriver *v.* The Commonwealth.)

master was thought by the court to have maltreated his apprentice, not in such a degree as to justify the court in dissolving the indenture, but yet demanding some punishment. He was, therefore, directed to pay the costs; but he refused, in open court, to comply with this order, on the ground, that the court had no authority to impose on him the payment of costs. The court, therefore, ordered his recognisance to be forfeited, and by the record, it appeared it was forfeited. The declaration stated the recognisance and its forfeiture. The pleas were *nil debet* and payment.

The defendant in the court below requested the court to instruct the jury, that if the defendant always answered when called, it was a compliance with the condition of the recognisance. But the court charged, that this was not sufficient: he ought to have complied with the order of the court. The defendant excepted. The jury found a verdict for the plaintiff for three hundred dollars, and judgment was entered thereon.

*Stevens,* for the plaintiff in error, denied the existence of such a record as that stated in the *narr.,* and contended, that refusing to pay costs, was not a breach of the recognisance.

*Carothers, contra.*

The opinion of the court was delivered by

GIBSON, C. J.—The judgment of a court of competent jurisdiction, directly on the point, is conclusive in every subsequent proceeding. In an action on a recognisance, therefore, the propriety of the forfeiture cannot be investigated; nor can there be other evidence of the fact of forfeiture, than the record itself. The defendant had an opportunity to object in the Court of Quarter Sessions; and the decision against him there, is conclusive. In a *Scire Facias,* against special bail, the defendant can discharge himself only by an *exoneretur,* which must appear of record; and the discharge of an insolvent debtor is conclusive evidence that he has complied with the exigencies of the insolvent acts, (*Sheets* v. *Hawk,* 14 *Serg. & Rawle,* 173;) and the converse has been decided in *Gallagher* v. *Kenedy,* during the present term. In like manner, it is held, that the orders and decrees of the Orphans' Court are conclusive in a collateral proceeding; even the case of an administration account, which was an exception, has lately been brought within the general principle. There is a dangerous, and, I fear, a growing tendency to explain, and even disprove the public records by parol evidence, which, if not checked by this court, will produce pernicious consequences. In the case before us, the forfeiture of the recognisance was conclusively established by the record; and the charge of the judge who tried the cause, was substantially right.

Judgment affirmed.