## Pierson *versus* Commonwealth.

1. A formal recognizance for a prisoner's appearance to answer a criminal charge, may be moulded out of entries in the court's docket, which recite an offence, and the fact that on a certain day the prisoner and his bail recognized in a certain sum conditioned for the former's appearance to meet his trial.

2. A forfeiture of a recognizance by the Court of Quarter Sessions is a judicial act and conclusive of the breach of it.

ERROR to Common Pleas of *Tioga County*.

Opinion by

THOMPSON, J.—The defendant pleaded *nul tiel record*, and payment with leave to the *sci. fa.*, on the recognizance. There is no assignment of error to the judgment of the court on that plea, and as there was a general judgment for the plaintiff, we must presume that judgment was regularly given on it, especially as there is no complaint that it was not.

The second plea is payment with leave. That admitted the recognizance set out and the forfeiture alleged; and as that given in evidence agreed with that set out, there was no error

attributable to the court in receiving it; I think the objection to it for want of substance is not sustained. On the Quarter Sessions docket it is entered, with other entries, in the case of the "*Commonwealth* v. *Charles Pelton, Delas Van Scoil,* and *William Gleason.* Sept. Sessions, 1855. No. 4. Indictment for larceny." Here is an offence recited, and on the 4th of Feb. there is this entry: "Same day. Delas Van Scoil and John Pierson, his bail, each recognized in the sum of $300, conditioned for the appearance of said Delas Van Scoil at next Quarter Sessions," &c. This was sufficient from which to mould a formal recognizance, and that is all the law requires. The authorities are so numerous to this point. that they need not be cited. Pierson could not, under the plea of "judgment," which is in substance an averment of performance, escape responsibility by showing that in some of the proceedings there was a clerical error in writing the name of the prisoner. The recognizance was in the right name, and to that he was answering. Besides, the forfeiture was a judicial act, and conclusive of the breach of it. *Commonwealth* v. *Rhodes,* 3 Har. 272.

We do not see wherein the defendant was prejudiced by the admission of the record of the prosecution against Van Scoil and others for conspiracy. Under the pleadings it was wholly immaterial. If it was to show a reason for naming the *cestui que use,* it was utterly irrelevant, but without any effect for good or ill. If the recognizance was for the prisoner's appearance to answer a charge of larceny, the law provides for a disposition of the avails of it to the party injured, and it is there that claimants on the fund produced must make out their right to participate. If there be no one entitled it goes into the public treasury, if there be not an entire or partial remission of it ordered by the court. But certainly we think a recognizance in one kind of prosecution for one kind of crime, being forfeited, is not to be collected and distributed to persons by other misdeeds of the same offender.

Judgment affirmed.