Ballard, Adm'r, *v.* The Franklin Life Insurance Company.

———————◆———————

No. 8537.

BALLARD, ADM'R, *v.* THE FRANKLIN LIFE INSURANCE COMPANY.

81 239
148 229

FORMER ADJUDICATION.—*Grounds of Defence.*—A matter finally determined by a competent tribunal is considered forever at rest, and the adjudication includes every ground of defence which might have been litigated in the case.

SAME.—*Promissory Note.*—*Answer of Fraudulent Alteration.*—*Reply.*—Where in an action upon a promissory note the maker answers a fraudulent alteration by the plaintiff, as adjudicated in a former action thereon, a reply that the alteration, if made at all, was made by the plaintiff's collecting agent without her fault, knowledge, connivance or consent, is bad.

SAME.—*Alteration.*—*Spoliation.*—The alteration of a note by the payee, whereby it is made payable at a bank in this State, is material and avoids the note, but an alteration by a stranger, or by an agent not having authority, is a mere spoliation, which does not release the parties.

Ballard, Adm'r, *v.* The Franklin Life Insurance Company.

SAME.—*Fraudulent Alteration.*—A fraudulent alteration by the payee of a promissory note will prevent him from recovering either on the note or on the original consideration.

From the Henry Circuit Court.

*D. W. Chambers, J. Brown* and *M. E. Forkner,* for appellant.
*H. Milligan,* for appellee.

BICKNELL, C. C.—The appellee brought this action against Henry Minnesinger upon the following account:
" For premium upon life insurance policy . . . . $200 00
" For interest on same . . . . . . . . . . . . . 50 00 "

The answer was:

First. The general denial.

Second. Payment.

Third. That defendant gave plaintiff a note for said cause of action, which note was afterwards fraudulently altered by plaintiff, so as to make it payable at a bank in Indiana, and suit was brought upon it by plaintiff against defendant, in the Henry Circuit Court, in which suit the defendant recovered judgment that the note was void because of said fraudulent alteration.

Fourth. That defendant gave his note as aforesaid, and plaintiff brought suit against defendant in said court, upon it and another note of defendant, which notes together were for $350; that defendant pleaded a set-off for $375.50; and, upon the issues thereon joined, plaintiff recovered a judgment for $87.32.

Fifth. That plaintiff, at the September term, 1877, of said court, brought suit upon this same cause of action, and recovered judgment thereon for $87.32, against the defendant.

The plaintiff replied:

First. In denial.

Second. That the note, mentioned in the third paragraph of said answer, was altered, if at all, by one L. L. Boblett, the plaintiff's collecting agent, without the plaintiff's fault, knowledge, connivance, or consent.

Third. For further reply to said third paragraph of an-

Ballard, Adm'r, *v.* The Franklin Life Insurance Company.

swer, that defendant was indebted on account as alleged, and plaintiff delivered said note for collection only, to Lycurgus L. Boblett; that, in settlement of said account, defendant executed said note and delivered it to Boblett, who, without the knowledge or consent of plaintiff, altered said note as alleged in said answer, and that plaintiff knew nothing of said alteration until after she had brought suit upon the note, and never ratified or consented to said alteration.

Demurrers to the second and third paragraphs of said reply were overruled. The issues were tried by a jury who returned a verdict for the plaintiff for $186.13.

The defendant's motion for a new trial was overruled, judgment was rendered upon the verdict and the defendant appealed. He assigns errors as follows:

1st. In overruling the demurrers to the second and third paragraphs of the reply.

2d. In overruling the motion for a new trial.

The replies in controversy were pleaded to the third paragraph of the answer, which alleged a fraudulent alteration of the note by the plaintiff, a suit upon the note by plaintiff against the defendant, and a judgment therein for defendant, that the note was void by reason of such fraudulent alteration. The replies aver that the note was not altered by the plaintiff, but by a third person without the plaintiff's knowledge or consent. The substance of these replies was embraced in the denial already pleaded. The replies, however, were bad without reference to the previous denial.

The note was not negotiable under the law merchant, and was not given and received in payment of the account; therefore, ordinarily, if the note were not paid, the plaintiff might have recovered upon the account. *Alford* v. *Baker*, 53 Ind. 279; *Tyner* v. *Stoops*, 11 Ind. 22. Here, however, was a fraudulent alteration; an alteration by the payee, making the note payable at a bank in Indiana, avoids the note. *McCoy* v. *Lockwood*, 71 Ind. 319. An alteration by a stranger, or

by an agent not having authority, is a mere spoliation, which does not release the parties. *Brooks* v. *Allen*, 62 Ind. 401. A fraudulent alteration by the payee will prevent him from recovering either on the note or on the original consideration. *Martendale* v. *Follet*, 1 N. H. 95; *Clute* v. *Small*, 17 Wend. 238, 242.

The judgment in the former suit ascertained the fact that there had been a fraudulent alteration of the note by the payee. These replies seek to avoid the effect of that judgment by raising an issue which might have been raised, and, for aught apparent on the pleadings in this suit, actually was raised and determined in the former suit. The legal effect of the former judgment can not be impeached or obviated in any collateral proceeding.

A question once decided between the parties upon the same cause of action, by the judgment of a court of competent jurisdiction, can be reversed or reconsidered only by a direct proceeding for that purpose; and, in general, no allegation or evidence, tending to impeach a judgment, will be admitted in any subsequent distinct controversy between the parties. When a matter is finally determined by a competent tribunal, it is considered as forever at rest, not only as to what was actually determined, but as to every other matter which the parties might have litigated in the case. *Fischli* v. *Fischli*, 1 Blackf. 360 (12 Am. Dec. 251). And the rule is the same where a suit is sought to be sustained upon allegations which would have been a good defence in a previous action between the parties. In *Marriott* v. *Hampton*, 7 Term Reports, 265, LAWRENCE, J., said: "It goes the length of establishing this, that every species of evidence, which was omitted by accident to be brought forward at the trial, may still be of avail in a new action to overhale the former judgment; which is too preposterous to be stated." See also *Moody* v. *Thurston*, 1 Strange, 481; *Bateman* v. *Willoe*, 1 Sch. & L. 201; *Le Guen* v. *Gouverneur*, 1 Johns. Cas. 436; *Grant* v. *Button*, 14 Johns. 377;

*Holden* v. *Curtis,* 2 N. H. 61; *Thatcher* v. *Gammon,* 12 Mass. 268; *Shriver* v. *The Commonwealth,* 2 Rawle, 206.

The court therefore erred in overruling the demurrers to the second and third replies, and as the judgment must be reversed and a new trial awarded for these errors, it is unnecessary to consider the reasons alleged in support of the motion for a new trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to the court below to sustain the demurrers to the second and third paragraphs of the reply.