# CASES

### IN THE

# SUPERIOR COURT

### OF

# PENNSYLVANIA.

---

## Commonwealth v. Meeser, Appellant.

*Bail—Forfeited recognizance—Practice, Q. S.*

In an action in the court of quarter sessions upon a forfeited recogni‚ zance, sufficient reference is made to records sued on, where the statement contains an exact copy of the recognizance and a reference to the place where the record of the forfeiture of it may be found, namely, " the office of the clerk of said court."

A recognizance conditioned to appear at the next term of " the court of oyer and terminer and quarter sessions of the peace" is not void where the offense charged might be tried in either the court of oyer and terminer or the court of quarter sessions of the peace, and it is immaterial that the recognizance used the singular noun " court" instead of the plural noun " courts." The suggestion that it would be impossible for the defendant to appear at two courts at the same time lacks merit, because the term of both courts begin and end at the same time, and are held in the same place, the judge presiding as a judge of the court of oyer and terminer, or as a judge of the court of quarter sessions according to the nature of the case called for trial.

The omission of a clerk to make a record of a forfeiture of bail on the very date it is adjudged, is not a fatal objection to a right of recovery on the bail bond. Such an omission may be corrected by amendment, even after suit is brought on the recognizance.

On an appeal in a suit on a forfeited bail bond the appellate court may take into consideration an indorsement on the recognizance sent up as part of the record, showing the date when the recognizance was forfeited.

In Philadelphia under the act of April 22, 1846, a suit on a forfeited bail bond must be brought in the quarter sessions, and in such suit an affidavit of defense may be required.

It is to be presumed that a recognizance was actually before the court when an adjudication of forfeiture was made, and the omission to mark the recognizance filed and to note that fact on the quarter sessions docket

is not such an irregularity as will warrant the court in treating the adjudication a nullity in an action upon the recognizance.

Argued Oct. 17, 1901.   Appeal, No. 255, Oct. T., 1900, by defendant, from order of Q. S. Phila. Co., Feb. T., 1900, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth v. Clarence Meeser and John F. Slater.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit on a forfeiture of recognizance.

The plaintiff's statement was as follows:

The commonwealth of Pennsylvania, plaintiff in the above case, claims and believes to be justly due by the defendants, $1,800, that being the amount of penalty of a certain recognizance given by the defendants, on November 16, 1899, of which the following is a full copy:

| THE COMMONWEALTH OF PENNSYLVANIA, *v.* CLARENCE MEESER. | *Sur* Charge of Conspiracy to procure fraudulent votes, and to violate the election Laws of Penna. and to procuring fraudulent votes. |
|---|---|

" We and each of us, John F. Slater, do acknowledge ourselves jointly and severally indebted to the commonwealth of Pennsylvania, in the sum of $1,800, to be levied of our and each of our lands and tenements, goods and chattels, conditioned that if the said defendant shall be and appear at the next term of the court of oyer and terminer and quarter sessions of the peace for the city and county of Philadelphia, to be holden on the first Monday of December, 1899, then and there to answer all such charges as may be preferred against the said defendant and shall abide and not depart the court without leave, and in the meantime shall keep the peace and be of good behavior towards all citizens of this commonwealth, then this recognizance to be void and of no effect, otherwise to remain in full force and virtue.

Taken and acknowledged before me this 16th day of Nov., A. D. 1899.     } CLARENCE MEESER, JOHN F. SLATER.

WM. EISENBROWN,
            *Magistrate of Court No. 9.*

And the said recognizance was, on December 21, 1899, adjudged and decreed to be forfeited (as will more fully appear by reference to the records in the office of the clerk of the said court,) and the penalty thereof became due and payable, and has not been paid.

The defendant's affidavit of defense averred :

The claim purports to be based upon a certain recognizance given by said Meeser and me on November 16, 1899, to the commonwealth of Pennsylvania in the sum of $1,800, conditioned that the said Meeser charged with "conspiracy to procure fraudulent votes to be cast at the election November 8, 1899, and to make a false return of votes, and to make and file forged election returns in violation of the election laws of Pennsylvania," should " be and appear at the next term of the court of oyer and terminer and quarter sessions of the peace of the city and county of Philadelphia, to be holden on the first Monday of December, 1899, then and there to answer," etc., as by reference to the said recognizance, a copy whereof is included in said statement, copy of which is hereto attached, will fully appear.

The said recognizance was taken and acknowledged by and before William Eisenbrown, a magistrate of court No. 9, of and in said county on said November 16, 1899, and is alleged in said statement to have been on December 21, 1899, adjudged and decreed forfeited by the court of quarter sessions of the peace for the city and county of Philadelphia. I am advised by counsel and aver that it was the duty of said magistrate to return said recognizance to the clerk of the court of quarter sessions of the peace for the city and county of Philadelphia; and whereas he did in fact on November 18, 1899, return the same to the district attorney of said county and the recognizance was not returned to the clerk of the said court or filed in said court prior to said forfeiture, and not until after suit was brought thereon, and that because of said unlawful return of the said recognizance the court which so adjudged and decreed the forfeiture thereof had no lawful right or authority so to do and the said forfeiture thereof was improvident and illegal and plaintiff had no lawful right to recover thereon.

As appears from said statement of plaintiff's claim the condition of said recognizance was for the appearance of said

4    COMMONWEALTH *v.* MEESER, Appellant.

Statement of Facts—Assignment of Errors.    [19 Pa. Superior Ct.

Meeser " at the next term of the court of oyer and terminer and quarter sessions of the peace for the city and county of Philadelphia."

The constitution of Pennsylvania (act. 5, sec. 1), provides that " the judicial power of the commonwealth shall be vested . . . . courts of oyer and terminer and general jail delivery, court of quarter sessions of the peace. . . ."

I am advised that there was not in the commonwealth at the time of the giving of this recognizance or at any time since a court of " oyer and terminer and quarter sessions of the peace for the city and county of Philadelphia," and that the said magistrate had no lawful right to require the said recognizance conditioned for the appearance of the said Meeser at and to a court which did not exist, and there being no such court at which the said Meeser was held or required to appear, the said recognizance was null and void and plaintiff can have no legal claim thereon.

I am further advised and aver that the statement is defective in that it fails to aver:

1. The court in which the suit on said recognizance has been brought and is pending.

2. That the defendant, Meeser, did not appear " on the first Monday of December, 1899," as by said recognizance required.

I deny, as is alleged in said statement, that the said suit on said recognizance was brought as of January sessions, 1900, and aver that there is no suit pending in any court of the county against said Meeser and me on said or any other recognizances as of January sessions, 1900, and that being so, the said plaintiff is not entitled to recover therein.

I further deny, as is averred in said statement, that the forfeiture of the said recognizance did at any time prior to January 12, 1900, the date of said statement, appear in the records of the office of the clerk of the court of quarter sessions of the peace for the city and county of Philadelphia, and I aver that there was then therein no record of said alleged forfeiture as required by law.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Francis Shunk Brown,* with him *Alexander Simpson, Jr.,* for appellant.—The statement does not contain a proper reference to the alleged record sued on, and is, therefore, insufficient to support the judgment: Campbell v. Pittsburg, etc., Ry. Co., 137 Pa. 585; Capital City Mut. Fire Ins. Co. v. Boggs, 172 Pa. 91; Penn. Nat. Bank v. Kopitzsch Soap Co., 161 Pa. 138; Stockley v. McClurg, 14 Pa. Superior Ct. 632; Erie v. Brady, 127 Pa. 176.

The bond is void because conditioned for the performance of an impossible act: Com. v. Lydick, 6 Pa. Dist. Rep. 282; Com. v. Bolton, 1 S. & R. 328; Com. v. Cronin, 41 Legal Int. 145; State v. Stephens, 2 Swan. (Tenn.) 308; State v. Aubrey, 43 La. Ann. 188.

The court below had no jurisdiction to exact a forfeiture, because the recognizance was not of record: Act of May 8, 1854, P. L. 678; Com. v. Randall, 8 Phila. 374; People v. Kane, 4 Denio, 539; People v. Huggins, 10 Wend. 472; Bridge v. Ford, 4 Mass. 641; Tarbell v. Gray, 4 Gray, 445; Mendocino County v. Lamar, 30 Cal. 629; State v. Crippen, 1 Ohio, 407; People v. Van Eps, 5 Wend. 393; Slater v. Walker, 56 N. H. 176; People v. Kane, 4 Denio (N. Y.), 535; Dodge v. Kellock, 10 Me. 266; Bridge v. Ford, 4 Mass. 641; State v. Smith, 2 Me. 63; State v. Perry, 28 Minn. 456; State v. Crippin, 1 Ohio, 399; Sargeant v. State, 16 Ohio, 270; State v. Klingman, 14 Iowa, 404; Belt v. Spaulding, 17 Ore. 139, 20 Pac. Repr. 827; Scully v. Kirkpatrick, 79 Pa. 330.

The forfeiture was improvidently and unlawfully entered because the recognizance was returned by the magistrate to the district attorney when it should have been returned to the clerk of the court of quarter sessions of the peace: Act of May 8, 1854, sec. 1, P. L. 678; Act of March 13, 1867, sec. 5, P. L. 420.

*P. F. Rothermel, Jr.,* for appellee.—The course pursued by the defendant in the court below, to wit: the taking of a rule to remit the forfeiture, was the only course open to him if he alleged irregularity in the forfeiture. The decision of this court as to the validity of the forfeiture was final and conclusive and that the only defense that can be set up on a suit on a forfeited recognizance is that there was no forfeiture or

that it was remitted: Foulke v. Com., 90 Pa. 257; Fox v. Com., 81 Pa. 511; Com. v. Oblender, 135 Pa. 530; Rhoads v. Com., 15 Pa. 272; Com. v. Kanenheimer, 25 Legal Int. 124; Com. v. Burkholder, 3 Pa. Dist. Rep. 563; Com. v. Basendorf, 153 Pa. 459; Shriver v. Com., 2 Rawle, 206; Com. v. Baker 11 W. N. C. 451; Mishler v. Com., 62 Pa. 55; Com. v. Fogelman, 3 Pa. Superior Ct. 556.

OPINION BY RICE, P. J., January 21, 1902:

This was an action of assumpsit upon a recognizance of bail taken and acknowledged before a magistrate of the city of Philadelphia conditioned for the appearance of Clarence Meeser "at the next term of the court of oyer and terminer and quarter sessions of the peace for the city and county of Philadelphia to be holden on the first Monday of December, 1899," etc. The particular charge upon which the defendant was arrested was "conspiracy to procure fraudulent votes, and to violate the election laws of Pennsylvania and procuring fraudulent votes." The statement alleged: "And the said recognizance was, on the 21st day of December A. D. 1899, adjudged and decreed to be forfeited (as will more fully appear by reference to the records in the office of the clerk of the said court) and the penalty thereof became due and payable and has not been paid." Judgment was entered for want of a sufficient affidavit of defense.

1. Counsel for appellant do not claim that, under the laws applicable to Philadelphia and the rules of the court below, an action of assumpsit will not lie in that court, nor that an affidavit of defense is not required to prevent judgment in a proper case. Their first contention is, that the statement does not contain a particular reference to the alleged record sued on, and is, therefore, insufficient to support the judgment. As the statement contains an exact copy of the recognizance sued on and a reference to the place where the record of the forfeiture of it may be found, namely, "the office of the clerk of said court," the reasonable construction of the averment is, that the record sued on was in its proper place in the records kept by the clerk of the courts of quarter sessions, and oyer and terminer. The record was sufficiently identified and the place where it could be found was sufficiently designated to inform the de-

fendants of what they were called upon to meet and to bar a second recovery for the same cause of action. It would seem from the last averment of the affidavit of defense that the appellant had no difficulty in determining what court was referred to in the statement. But aside from any implied concession on his part, we are of opinion the statement was sufficiently explicit to call for an affidavit of defense.

2. The second point urged by the appellant is, that the recognizance was void, because conditioned for the performance of an impossible act, namely, to appear at the next term of " the court of oyer and terminer and quarter sessions of the peace," a court which has no existence. The fact that the offense with which he was charged might be tried in either court made it proper to bind the accused to appear at the next term of the courts of oyer and terminer and general jail delivery and quarter sessions of the peace. And, while the form of the recognizance is inaccurate, in that the singular instead of the plural noun was used, it is not so inaccurate as to admit of any doubt that this was what was meant, or that the accused and his surety so understood the obligation. The objection has little, if any more force than would an objection that the full title of each court was not stated. The suggestion that it was impossible for the defendant to appear at two courts at the same time is equally lacking in merit, because the terms of both courts begin and end at the same time and are held in the same place, the judge presiding sitting as a judge of the court of oyer and terminer or as a judge of the court of quarter sessions according to the nature of the case called for trial. It seems to us that the case is plainly distinguishable from Commonwealth v. Bolton, 1 S. & R. 328.

3. The third and fourth points insisted upon by the appellant's counsel may be considered together. Before stating the question we deem it important to call attention to certain facts, which, as we view the affidavit of defense, must be taken as admitted. The statement avers, (*a*) that the recognizance was adjudged and decreed to be forfeited on December 21, 1899, and (*b*) that this appears by the records in the office of the clerk of the court. Neither of these allegations is denied in the affidavit of defense, and as to the first there was no attempt at denial. True, the affidavit contains an averment that

there was no such record on or prior to January 12, 1900, the date written at the foot of the statement, but this is not a denial of the averment that there was such a record on January 13, 1900, the date on which the writ issued and the statement was filed, this being the date of which, presumably, the statement speaks. The omission of the clerk to make a record of the forfeiture on the very date it was adjudged would not be a fatal objection to the right of recovery; it could be corrected by amendment, even after suit brought on the recognizance, as was done in Rhodes v. Commonwealth, 15 Pa. 272. Upon this question Chief Justice GIBSON said: "The forfeiture of the recognizance being complete, by the failure to bring forth the body, could not be affected by the misprision of the clerk in omitting to record it. The record is not the forfeiture, but the evidence of it; and a court has certainly power to supply it nunc pro tunc." Therefore, in view of the undenied averments of the statement, we are justified in assuming that the recognizance was adjudged to be forfeited on December 21, 1899, and that at the time the writ in this case issued the record showed it. We remark, in addition, that there is indorsed on the recognizance, sent up to us as part of the record, this entry: "Dec. 21/99. Recog. of deft. and surety forfeited." That we have a right to look at this part of the record in determining the question raised by the appeal we think is plain. Section 4 of the Act of April 22, 1846, P. L. 477, provides that all recognizance of bail in criminal cases which are forfeited "before the court of oyer and terminer and general jail delivery and quarter sessions of the peace" in Philadelphia. . . . shall be sued and prosecuted in the said court and in no other court." At common law the remedy was by scire facias or action of debt. As instances where, under the statute giving the quarter sessions jurisdiction, the proceeding has been by action of debt, we refer to Harres v. Commonwealth, 35 Pa. 416, where the validity of the rule of the quarter sessions requiring an affidavit of defense was sustained: Fox v. Commonwealth, 81* Pa. 511; Commonwealth v. Flomenhaft, 3 Pa. Superior Ct. 566; Commonwealth v. Duffy, 11 Phila. 378. Since the procedure act of 1887, the action of assumpsit takes the place of the action of debt. But whether the process be scire facias or summons, " it is no further

to be reckoned as an original suit, than that the defendant has a right to plead to it. It is founded on the recognizance, partakes of its nature, must be considered as flowing from it, and, when final judgment is given, the whole must be taken as one record:" Commonwealth v. Phila. County Commissioners, 8 S. & R. 151.

But it is urged that the court had no jurisdiction to adjudge the forfeiture because the recognizance was not of record. The averment of the affidavit of defense relative to this matter is that the magistrate "did in fact return the same to the district attorney of said county and the recognizance was not returned to the clerk of said court or filed in said court prior to said forfeiture, and not until suit was brought thereon." It is to be observed that it is not alleged that the recognizance, which, as we have said, is sent up as part of the record, was not actually in court at the time the forfeiture was declared and the words, " Dec. 21/99. Recog. of deft. and surety forfeited," indorsed upon it. What is the presumption in that regard? Are the averments of the affidavit above quoted sufficient to rebut the presumption that it was actually in court, if in the absence of those averments there would be such presumption? If not sufficient, was the omission to mark the recognizance filed and to note that fact on the quarter sessions docket (which ought always to be done) such irregularity or defect as would have warranted the court in treating the adjudication of forfeiture as a nullity in an action upon the recognizance? The general rule, as to what is to be presumed in actions upon forfeited recognizances in criminal cases was thus stated in Fox v. Commonwealth, 81* Pa. 511: " The entry of the forfeiture of the recognizance stands for proof of all the steps necessary to complete the forfeiture. Hence we must take it for verity that the defendant and his bail were duly called and did not appear or answer. In courts of justice omnia præsumuntur rite esse acta." This rule has been applied in numerous cases amongst which may be mentioned Shriver v. Commonwealth, 2 Rawle, 206, Rhoads v. Commonwealth, 15 Pa. 272, Pierson v. Commonwealth, 3 Gr. 314, Mishler v. Commonwealth, 62 Pa. 55, Foulke v. Commonwealth, 90 Pa. 257, Commonwealth v. Oblender, 135 Pa. 530, Commonwealth v. Basendorf, 153 Pa. 459, and Commonwealth v. Flomenhaft, 3 Pa. Superior Ct. 566. The case of Scully v. Kirkpatrick,

79 Pa. 324, relied on by the appellant's counsel, has no application. The point there decided was that proceedings on a warrant of arrest under the act of July 12, 1842, are no part of the proceedings in the cause, but merely incidental and collateral thereto; there was, therefore, no authority for entering a forfeiture of the bond upon the docket of the court of common pleas. Such entry, however formal, is a mere nullity. In the case of Commonwealth v. Bird, 144 Pa. 194, the surety petitioned the court to strike off the absolute forfeiture upon the ground that the recognizance was never filed in the office of the clerk of the court, but, having come to the hands of the district attorney about the time of the forfeiture, was by him pinned to the justice's return of the case. It was contended there, as it is here, that there was not a compliance with the provisions of the Act of May 8, 1854, P. L. 678, and the decision of Judge PIERCE in Commonwealth v. Randall, 8 Phila. 374, was cited in support of the contention. On appeal from the order discharging the rule to show cause, which was granted on the petition, the proceedings of the quarter sessions were affirmed. Mr. Justice STERRETT who delivered the opinion of the court said: "We have no jurisdiction of the case except on certiorari, and that brings up for review nothing except the record proper.

But if it were otherwise, it would profit the appellant nothing; because, by going outside the record, it would appear that he and others became bail for the appearance, etc., of five defendants, who are now fugitives from justice, and have neither made, nor offered to make restitution for the crime of which they were duly convicted, and that the only ground on which appellant claims relief is a bald technicality, utterly destitute of merit." We do not cite this case as one that controls the decision of the case at bar, but in view of the similarily of the question raised we think it is pertinent. The case most closely resembling the present is Fox v. Commonwealth, supra. There, the commonwealth declared on a recognizance "as by the record of the said recognizance, remaining in the said court here, more fully appears." The defendant pleaded nul tiel record, to which the commonwealth replied: "That there is such record of the said recognizance remaining in the said court, as the said plaintiff hath above in his said declaration in that behalf alleged. And this said plaintiff is ready to verify by the said record."

The court entered judgment for the commonwealth on the plea, and in the Supreme Court this was assigned for error. It would seem from the official report of the case—more fully in the report in 1 W. N. C. 243—as well as from the arguments of counsel, that it did not appear by an inspection of the docket or of the recognizance itself, that it had ever been marked filed. The contention of the commonwealth's counsel was that as the record showed that the recognizance had been forfeited, it must have been of record. It was of such a case that the court was speaking when it declared that the entry of the forfeiture of the recognizance stands for proof of all the steps necessary to complete the forfeiture. The court had in mind the very objection raised by the plea; for after referring to the Act of March 30, 1821, 7 Sm. L. 426, requiring the justice "to make a full and complete return of said recognizance or surety, to the proper court of the city or county having cognizance of the case," the court said : " We must suppose, therefore, that the transcript was before the court." We think we do not give too broad an effect to this decision in citing it as authority for our conclusions in the present case, that it is to be presumed that the recognizance was actually before the court when the adjudication of forfeiture was made, and that the omission to mark the recognizance filed and to note that fact on the quarter sessions' docket was not such an irregularity as would have warranted the court in treating the adjudication as a nullity in an action upon the recognizance. In looking through this record we find evidence of much inattention to these simple and important details which ought to have been attended to, but we find no substantial defect which would warrant a reversal of this judgment. We remark in conclusion that we have based our decision on the record and the presumptions flowing from it. We do not regard the depositions taken on the rule to remit the forfeiture as properly before us on this appeal, therefore we have not considered them. Possibly we might consider the fact that such rule was taken and discharged, but we have not found it necessary to look into that question.

Judgment affirmed.

WILLIAM D. PORTER, J., dissents.