# Commonwealth to use *v.* Schmeltz, Appellant.

*Husband and wife—Bond for support—Quarter sessions—Common pleas—Jurisdiction.*

A bond given by a husband in desertion proceedings to secure the payment of a weekly sum for the support of his wife may be sued upon in the common pleas without a prior forfeiture of the bond in the quarter sessions.

Argued May 4, 1910.   Appeal, No. 195, April T., 1910, by defendants, from judgment of C. P. No. 4, Allegheny Co., Fourth T., 1907, No. 101, on verdict for plaintiff in case of Commonwealth to use of Carrie A. Schmeltz v. A. J. Schmeltz and A. W. Null.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Assumpsit on a bond.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $300.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*H. M. Scott,* for appellants.—The quarter sessions had jurisdiction: Clark v. Com., 123 Pa. 555; Com. v. Duffy, 11 Phila. 378; Com. v. Steiger, 12 Pa. C. C. Rep. 334; Shriver v. Com., 2 Rawle, 206; Dillingham v. U. S., 2 Wash. C. C. (U. S.) 422; Fed. Cas. No. 3913; Com. v. Zeidler, 2 Lack. Leg. News, 356.

*Joseph F. Mayhugh,* for appellee.—Forfeiture of a bond in desertion and nonsupport cases is not necessary: Miller v. Com., 127 Pa. 122; Com. v. Griffiths, 2 Lacka. Jurist, 229; Com. v. Stark, 4 Lacka. Jurist, 150; Baughman v. Baughman, 13 York Leg. Rec. 19.

OPINION BY MORRISON, J., October 10, 1910:

This is an action of assumpsit brought upon a written instrument designated as a bond and it is in the following form: "We, and each are jointly and severally indebted to the Commonwealth of Pennsylvania in the sum of Three hundred (300) dollars, to be levied of our lands and tenements, goods and chattels. Conditioned, that if the said Arthur J. Schmeltz shall pay the costs and pay to his wife $5 per week and enter into bond with surety in the sum of three hundred (300) dollars to comply, then this obligation to be void, otherwise to be and to remain in full force, virtue and effect. Arthur J. Schmeltz, A. W. Null. Taken and acknowledged in open court 23rd day of February, 1907. Wm. Dodds, Clerk."

The affidavit of defense denied a breach of the bond and set up that defendant Schmeltz paid to the use plaintiff $1,000 in this way; he assigned to her $1,000 of the principal sum secured by a certain bond and mortgage, identifying the same, and averring that the mortgagors had paid $500 of the sum so assigned to the use plaintiff and averring that the balance of the sum so assigned is amply secured and will be paid to the use plaintiff when due. Wherefore, deponent says that he has not only performed the conditions of said recognizance but has largely overpaid said use plaintiff. The inconsistency of the foregoing is shown by the fact that the defendant paid the use plaintiff, for her support, $80.00 several months after the date of said assignment.

On February 20, 1908, the wife filed a "replication," denying that said $1,000 was paid on account of the condition of said recognizance, and averring "that the said Carrie A. Schmeltz, plaintiff, agreed with the said defendant, A. J. Schmeltz, to sign said deed conveying her dower interest therein for the price or sum of one thousand (1,000) dollars," etc.

At the trial there was no evidence offered whatever, that the assignment of the bond and mortgage referred to in the affidavit of defense was made to apply on the bond

in suit, and the court below, in the charge to the jury, said in that respect: "The defendants claim that the bond was paid, but we have been obliged to exclude their evidence because, in the view the court takes of the matter, the evidence is not competent and proper to submit to you, for the reason that the mortgage which has been referred to, the assignment of it and the payment under it, has not in any way been connected with the obligations of this bond. Therefore, you have no evidence in defense, and there is nothing for you to do but to render a verdict in favor of the plaintiff for the amount of the bond, which is $300, and we will ask you to render that verdict." Defendants did not testify at the trial and there was really no dispute of fact. Upon the verdict so rendered, judgment was entered in favor of the commonwealth for $300, the penal sum of the bond.

Counsel for appellant has made an elaborate argument to convince us that the jurisdiction upon the bond in the present case was not in the common pleas but in the quarter sessions, and that no action would lie on this bond until after forfeiture in the latter court. We think the question of jurisdiction is well disposed of in Com. v. Griffiths, 2 Lacka. Jur. 229, where the court below said: "A clear distinction must be drawn between a recognizance conditioned for appearance in a certain court, and one conditioned for the payment of a sum or sums of money. In the former case the only possible evidence of breach of condition must be found in the record of the court in which appearance was to be made, and it is ruled that an adjudication of forfeiture by that court is a necessary precedent to an action upon the recognizance. In the other case, the question was directly presented by the first assignment of error in Miller v. Com., 127 Pa. 122, and the action upon the recognizance without adjudication of forfeiture was sustained."

Now turning to that case we find that there were two actions in the common pleas of Union county brought in the name of the commonwealth against the defendants

upon two recognizances entered into in the court of quarter sessions of Union county, in a proceeding wherein Thos. B. Miller had been adjudged guilty of wife desertion and sentenced to pay the costs of prosecution and a certain sum per week toward the support of his wife, the complainant. The writs were returned nihil habet as to Thos. B. Miller but served upon Thos. J. Miller, who appeared and filed affidavits of defense. The plaintiff moved for judgment for want of sufficient affidavits of defense. The cases were disposed of together. The court, BUCHER, P. J., made the rules absolute. The defendant appealed and assigned for error. 1. "The court of common pleas had no jurisdiction in the cases as the recognizances had not been forfeited." 2. "The court erred in making the rules for judgments for want of sufficient affidavits of defense absolute." The Supreme Court disposed of the cases as follows: Per Curiam, "The judgment in each of the above cases is affirmed upon the opinion of the learned court below."

We think that case rules the present one, not only upon the question of jurisdiction but as well upon the question of forfeiture. It has been decided by several of the common pleas courts that upon a bond, like the one in the present case, no forfeiture in the quarter sessions is necessary.

Counsel for appellant relies on Shriver v. Com., 2 Rawle, 206, upon the question of forfeiture, but that was a case of a recognizance for the appearance of a defendant in the next court of quarter sessions and of course it was necessary to forfeit such a recognizance in open court. What that case really decides is, "The record of the forfeiture of a recognizance in the proper court, is conclusive evidence of the forfeiture, in debt on the recognizance." It has no application to the case under consideration, because in the latter the obligation is a bond duly signed by the parties, acknowledged and delivered, and in our opinion, it needed no forfeiture, except by a suit in the common pleas with a declaration that it had been forfeited by non-

compliance with its terms, and proof sustaining such aver-
ment.

Counsel for appellant cites and relies on Kiehl v. Com.,
18 W. N. C. 505, but we find nothing in that case sustain-
ing his contention.

In the present case there was sufficient evidence of a
failure of the defendants to pay the use plaintiff in accord-
ance with the terms of the bond and this evidence was not
disputed, and, therefore, the learned judge was warranted
in directing a verdict in favor of the commonwealth for
the exact penal sum of the bond. Notwithstanding the
elaborate argument of the industrious counsel for the ap-
pellant, we entertain no doubt upon the question of the
jurisdiction of the court, of common pleas in the present
case, nor have we the slightest doubt that the action could
be maintained without proving a forfeiture of the bond in
the quarter sessions.

The assignments of error raise no other question or
questions than those we have discussed and considered.

The assignments of error are all overruled and the judg-
ment is affirmed.