# Commonwealth *v.* Balsamo, Appellant.

*Criminal law—Forfeited recognizance—Insufficient affidavit of defense.*

Where there is a regular formal forfeiture of a recognizance, the liability of the recognizor is absolutely fixed thereby, and relief therefrom must be sought by petition to the court to respite the recognizance, for cause to be shown. It is not a good defense, to the forfeiture of the bond, to anticipate a defense which the defendant might have to a distribution to be made of the funds collected on the judgment.

Where there has been a regular forfeiture of a recognizance, the objection to the designation of the plaintiff and the interest of the relator is not material to the issue, and does not constitute a valid defense.

Argued April 23, 1919. Appeal, No. 41, April T., 1919, by defendant, from order of C. P. Westmoreland Co.,

November T., 1917, No. 144, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of Commonwealth of Pennsylvania for use of Peter H. Naley, Guardian of Anna Petschat, a minor, v. Antonio Balsamo.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Assumpsit for forfeited recognizance.   Before COPELAND, P. J. of O. C., specially presiding.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Carroll Caruthers,* for appellant.—The suit on the recognizance was improperly brought: Sections 25 and 26 of the Act of July 20, 1842, P. L. 449; First M. E. Church to the use of Hall v. Isenberg, 246 Pa. 221; Board of Education, etc., v. Massachusetts Bonding Co., 252 Pa. 505; Commonwealth v. Shick, 61 Pa. 495; Commonwealth v. Myers, 22 Dist. Rep. 1062.

The plaintiff, having no interest in the bond, cannot maintain the action: Booz v. Engarman, 18 Pa. 263; Downing v. Commonwealth, 21 Pa. 216; Commonwealth v. Ahl, 43 Pa. 53; Commonwealth v. Moran, 251 Pa. 477, 58 Pa. Superior Ct. 362.

*Charles C. Crowell,* for appellee.

OPINION BY ORLADY, P. J., July 17, 1919:

The defendant entered into a recognizance for the sum of $1,000, conditioned that John Wenter appear at a stated time in the Quarter Sessions of Westmoreland County, and there answer such charges as may be preferred against him, to abide and not depart from the court without leave, otherwise his recognizance to remain in full force and virtue, etc.   It is admitted that default

was made, and by regular proceedings the bond was properly forfeited, which forfeiture became absolute on September 5, 1917, and the record estreated into the office of the county commissioners of Westmoreland County, upon which this action against Wenter and the defendant is predicated. This defendant, the surety, alone was served. The statement of claim was duly filed and service thereof accepted by counsel for the defendant. An affidavit of defense was filed, when a rule was entered by plaintiff for judgment for want of sufficient affidavit of defense. The matter was fully heard by the court below and the rule made absolute for the full amount mentioned in the recognizance. The defendant brings this appeal and presents a number of reasons which are premature in the disposition of the pleadings and facts as shown by the record. The only question for our consideration being the regularity of the proceeding. Where there is a regular, formal forfeiture of a recognizance the liability of the recognizors is absolutely fixed thereby, and relief therefrom must be sought by petition to the court, to respite the recognizance for cause to be shown, under the provisions of the Act of 1783 : Foulke et al. v. Commonwealth, 90 Pa. 257; Commonwealth v. Cohen, 22 Pa. Superior Ct. 55; Commonwealth v. Clipsham, 16 Pa. Superior Ct. 50; Commonwealth v. Meeser, 19 Pa. Superior Ct. 1. These authorities conclusively warranted the action of the court below in entering judgment. The distribution of the fund, under Sections 25 and 26, of the Act of July 30, 1842, P. L. 454, is not now before the court for consideration, and the defendant cannot anticipate a defense that he may then consider available. The objection to the designation of the plaintiff is not material, as the court below, as well as this court, may allow an amendment to meet the facts of the case in the furtherance of justice, so that the case will be heard and decided on its just merits : Waite v. Palmer, 78 Pa. 192; Shryock v. Basehore, 82 Pa. 159. Under the Act of 1842, supra, Anna Petschat is not the only person

182, (1919).]       Opinion of the Court.

interested in the distribution, but the designation of the plaintiff is not material in this issue, but will be disposed of by the judges who order and decree a distribution of the fund produced, if any.

The judgment is affirmed.