### Commonwealth v. Lowry.

*Alderman—Jurisdiction—Suit on forfeited recognizance.*

An alderman has jurisdiction in a suit on a forfeited recognizance bond in the sum of $300.

Rule to strike off compulsory non-suit. C. P. Northampton Co., July T., 1921, No. 44.

*Howard V. Fisher*, for plaintiff; *William H. Schneller*, for defendant.

McKeen, J., Jan. 9, 1922.—This is a rule to show cause why the compulsory non-suit entered in the above case should not be taken off. It appears that the use-plaintiff made a criminal information against Frank E. Heid before an alderman of the City of Bethlehem, and Charles Lowry, the defendant, became his bail for appearance at a hearing. The bail was forfeited by reason of the non-appearance of the defendant in the criminal charge before the alderman at the time fixed for the hearing. The prosecutor commenced suit in the name of the Commonwealth, to his own use, before the alderman to recover upon the forfeited recognizance. The use-plaintiff claimed to have an interest in the recognizance by virtue of damages sustained through the alleged criminal act of the defendant in the criminal proceeding. The reason entertained by the court in granting the non-suit was based upon improper designation of the plaintiff in the suit, no application having been made for amendment. The plaintiff, however, should be given an opportunity to amend. Under the decision in Com. *v.* Balsamo, 72 Pa. Superior Ct. 182, where it was held in a similar action: "The objection to the designation of the plaintiff is not material, as the court below, as well as this court, may allow an amendment to meet the facts of the case in the furtherance of justice so that the case will be heard and decided on its just merits."

The defendant contends, however, that the alderman had no jurisdiction, the amount involved being over $300, and that, therefore, this court had no jurisdiction. The recognizance upon which the defendant was surety was given in the sum of $300, and the defendant has urged the court that interest was due upon this amount from the date of forfeiture, which would oust the jurisdiction of the alderman. The liability of the recognizors is for a certain specified sum, which they agreed should be levied of their lands and tenements, goods and chattels in the event the defendant should not appear to answer such charges as may be preferred against him. The amount of the judgment in a suit against them would be limited to the full amount mentioned in the recognizance, and interest thereon can only be claimed from date of judgment. In Com. *v.* Lutz, 15 Lanc. Law Rev. 113, where the amount of the recognizance was the same as in the case at bar, it was held: "A magistrate has jurisdiction in a suit on a forfeited recognizance of bail for appearance before a magistrate."

And now, Jan. 9, 1922, rule to strike off compulsory non-suit made absolute and leave is granted plaintiff to amend.

From Henry D. Maxwell, Easton, Pa.