## Commonwealth v. Davis et al.

*James A. Cochrane*, for petitioner.

*William J. MacCarter, Jr.*, district attorney, and *Albert J. Williams*, county solicitor, contra.

BROOMALL, J., August 15, 1930. — William A. McClurg, recognizor for Edward Davis, one of the above-named defendants, has presented his petition for the appointment of an auditor under the Act of July 30, 1842, P. L. 449, 454, 455, sections twenty-five and twenty-six, to order and decree a distribution of certain funds in accordance with said act.

It appears from the petition and records that said recognizor entered security in the sum of $5000, conditioned that defendant Davis appear at the next session to answer the charge of extortion and blackmail; that defendant Davis did not appear; that the recognizance was duly forfeited October 15, 1928; that this forfeiture was certified to the county commissioners October 19, 1928; that a scire facias was duly issued thereon on March 6, 1929; that judgment was entered thereon; that an attachment execution was issued on November 25, 1929, naming the Cambridge Trust Company as garnishee; that the amount of the recognizance, together with interest and costs, was duly paid to the county solicitor, and that the judgment has been satisfied of record and attachment discontinued.

Subsequently, to wit, on or about February 19, 1930, defendant Davis was apprehended by detectives working for the recognizor; he was re-arrested, incarcerated in the county jail and on April 3, 1930, was found not guilty by a jury, and the costs, amounting to $364.15, placed upon the County of Delaware. The petition further represents that recognizor paid some $2200 in bringing about this re-arrest of defendant Davis.

The Act of December 9, 1783, 2 Sm. Laws, 84, 2 Bioren's Laws, 456, 11 Pa. Stat. at L. 222, provides in section two for suits in the common pleas on forfeited recognizance, *inter alia:* ". . . which courts may and they are hereby empowered to order the said recognizances to be levied, moderated or remitted, on hearing the circumstances of the case, according to equity and their legal discretion."

Sections twenty-five and twenty-six of the Act of 1842, *supra* (page 454), provide:

"Section 25. That where recognizances have heretofore, or shall hereafter be taken by any competent authority, for the appearance of persons charged with the commission of any crime or misdemeanor before any court, to answer to such charge or to appear before any judge, justice of the peace, alderman or other officer for further hearing, and the said recognizance shall have been, or may hereafter be forfeited on account of the person so charged, failing to comply with the condition therein, or where suits have been commenced for the purpose of recovering the amount of any recognizance heretofore forfeited, and not prosecuted to final judgment, it shall be lawful for any person having suffered loss or injury by the commission of such crime or misdemeanor, by themselves, their agents or attorney, to institute suit in the name of this Commonwealth, or to prosecute any suit or action now pending and undetermined, and proceed to final judgment thereon.

"Section 26. *And be it enacted by the authority aforesaid*, That where the amount or any part thereof, of any judgment recovered in pursuance of the provisions of the preceding section of this act, shall be collected by execution or otherwise, the same shall be taken into open court by the sheriff or other officer having received the same, and it shall be the duty of the judges of any court being notified of the payment of money as aforesaid, to order and decree a distribution of the same in the following order to wit:

"First. That so much thereof as shall be necessary to pay the legal costs on such judgment, and upon the proceedings before the magistrate, who shall have taken such recognizance shall be applied thereto.

"Second. That so much thereof as shall be deemed a reasonable compensation for the person, his agent or attorney who shall have prosecuted the same to final judgment shall be applied thereto.

"Third. That so much of the residue thereof as will pay the amount of damage sustained by any person, by reason of the commission of such crime or misdemeanor with interest thereon, to be counted from the date of the commission of such crime or misdemeanor shall be applied thereto.

"Fourth. And that the residue of any moneys collected as aforesaid be paid to the proper county, or into the treasury of the Commonwealth as the case may be.

"And it shall be the duty of the judges who shall make distribution of money as aforesaid, to order and decree the specific sum which shall be applied to each item. And it shall be lawful for the judges of any court to appoint one or more auditors to assess the amount of damages sustained by any person or persons, who shall claim any part of a sum of money arising from any recognizance forfeited as aforesaid, which said auditor or auditors shall have

authority to administer oaths, and it shall be the duty of said auditor or auditors to report the testimony taken before him or them to the court, together with a statement of the amount of damage sustained by such claimant: *Provided, however*, That a re-examination may be had of the proceedings, and report of any such auditors at the discretion of the court, and the order and decree of the court thereon shall be final and conclusive: *Provided further*, That nothing herein contained shall be construed to prevent the judges of the courts having jurisdiction over such recognizance, from exercising the authority heretofore exercised in respiting the same, but no recognizance taken as aforesaid shall, after the passage of this act, be respited or canceled without first giving notice to the person who shall have entered the complaint upon which such recognizance shall have been taken, such notice to be served as shall be directed by the court."

It will be noted that "the amount of damage sustained by any person, by reason of the commission of such crime or misdemeanor with interest thereon, to be counted from the date of the commission of such crime or misdemeanor shall be applied thereto" and "that the residue of any moneys collected as aforesaid be paid to the proper county or into the treasury of the Commonwealth as the case may be." No provision is made that the same or any part thereof may be applied in relief of the recognizor.

In Com. *v.* Justice, 34 Pa. 165, 166, it was held that the Act of 1842, *supra*, gives relief only to a person who has suffered loss or injury by the commission of such crime or misdemeanor and confines the recovery to the party injured by the specific offense charged.

In Com. *v.* Balsamo, 72 Pa. Superior Ct. 182, 184, it was held under the Act of 1783, *supra*, that the forfeiture of a recognizance fixes the absolute liability of the recognizors; that relief therefrom must be sought by petition to the court to respite it for cause shown, citing Foulke et al. *v.* Com., 90 Pa. 257, and, further, that distribution may be made under sections twenty-five and twenty-six of the Act of 1842, *supra*.

In Com. *v.* Becker, 1 Woodw. Dec. 297, the practice on a forfeited recognizance is set forth under the Act of 1842, *supra*, and a distribution made, but it was held that the power of the court under the Act of 1783, *supra*, is reserved. It was also held in this case that an application for remission of recognizance must be made before the money is collected and before judgment is entered, so that the court can control the situation by a final judgment for the proper amount. The court withheld final judgment in the suit on the recognizance until the parties exhibited the merits of their respective cases for the court to fix the amount which it believed ought justly and equitably to be paid.

In the instant case, there is a final judgment against the recognizor and, as we understand, the amount collected has been paid by the county solicitor to the county treasurer and the judgment satisfied.

Under the Act of 1842, *supra*, we do not see that the recognizor has any standing to petition for relief at this time, and this is especially true because he does not come within the provisions of the Act of 1842 as a person entitled to any portion of the fund.

This follows the decision of Judge Reno in Com. *v.* Meyers, 12 D. & C. 76, where a similar petition under similar circumstances, except that there was no final judgment, was refused and dismissed. A note, however, to that case, refers to the Act of July 11, 1917, P. L. 802. This act authorizes the county commissioners to repay moneys collected on forfeited recognizances in certain cases, and provides as follows:

"Section 1. Be it enacted, etc., That in all cases where the county commissioners of any county shall collect, or have collected, any money upon any forfeited recognizance, duly estreated to such county commissioners by the clerk of the proper court, and where the defendant in such case subsequently surrenders himself or herself to the jurisdiction of the proper court, the county commissioners may, with the consent of the district attorney, repay to the party from whom such money was collected the amount so collected on such forfeited recognizance, exclusive of all costs paid or incurred by the county in such proceeding."

It would appear from the acts of assembly referred to and the decisions thereunder that the recognizor has no standing at this time to petition for a distribution by reason of a final judgment satisfied of record and that his remedy, if any, is under the Act of 1917, *supra*. It may be contended that recognizor is not within the provisions of the Act of 1917, *supra*, as it applies only where the defendant surrenders, but with this we are not concerned at present. We are not deciding that petitioner may not, by proper proceedings, have the satisfaction stricken off and the judgment remolded. Neither are we deciding that such action can be successfully taken. We do decide, however, that with the record as it now stands petitioner is not entitled to have an auditor appointed under the Act of 1842, *supra;* that under this act relief may only be extended to a recognizor before final judgment; that after final judgment and payment, distribution must be made in accordance with this act and a recognizor is not a person entitled to receive any part of the fund.

The petition is, therefore, refused and dismissed without prejudice.

From William R. Toal, Media, Pa.