## Commonwealth, to use, v. Bowman et al.

*A. C. Fanning* and *Lilley & Wilson,* for petitioners.

*Rodney A. Mercur,* county solicitor, for Bradford County and Joseph H. Bowman.

CULVER, P. J., July 6, 1931.—This proceeding involves a number of rules, petitions, etc., and in so far as we can determine from examination of the papers, there is no action for the court to take at this time.

Emma J. Bowman was the wife of Wallace Bowman, and from these petitions it appears she had him arrested before Harry N. White, a justice of the peace of Towanda Borough, this county, for desertion and nonsupport. He entered bail for his appearance before the justice in the sum of $500; he failed to appear, his recognizance was forfeited, and his bondsman, Joseph Bowman, through William P. Wilson, attorney at the time for Wallace Bowman, paid the same to Harry N. White, said justice of the peace. The justice of the peace deposited the money in the bank, and there it remains.

Some years afterwards Emma J. Bowman presented a petition in the above number and term, stating in substance that the said sum of $500 was tendered into court and asking that after deduction of the lawful charges against the same the balance be paid to her by virtue of sections twenty-five and twenty-six of the Act of July 30, 1842, P. L. 449, 8 PS §§ 179, 180.

The county commissioners and Joseph Bowman filed an answer to this, denying Emma J. Bowman's rights to participate in the funds, and contending that she had no authority to tender the money into court, as the money was in the hands of the justice of the peace and under his sole control, and contending that it was the duty of the justice of the peace, by virtue of the

general laws of the state, to pay the forfeited recognizance into the county treasury, and alleging that the justice of the peace was liable, not only to pay into the county treasury the amount of the forfeited bail, but was liable to pay interest thereon.

Subsequently, Justice of the Peace Harry N. White presented a petition, asking to be permitted to pay the $500 into court and be relieved from further liability, and answers were filed to this petition. Rules were granted in both instances and are now for disposition.

As we view this matter, when the forfeited bail was paid to the justice of the peace it was for him to make such disposition of the same as the law directed, and the responsibility of determining what to do with the money was one resting upon him and cannot be shifted to this court on application by him, or anyone else, to be permitted to pay the money into court.

If the contention of the county solicitor is correct, the money belongs to the county. If the contention of attorneys for Emma J. Bowman is correct, she has certain rights therein which can be determined only in the manner provided by the act of assembly.

She claims her rights under the act of assembly by virtue of the section of the above-mentioned Act of 1842, referred to. Section twenty-six of such act would appear to provide that when a judgment is recovered pursuant thereto and collected by execution or otherwise, the same shall be taken into open court by the sheriff or other officer having received the same. It is conceded in this case that the justice of the peace is the officer who did receive the same. If it is his duty under the law to pay the same into court, he should have done so, and it would not be necessary to obtain leave of court so to do. Whether it was his duty so to pay it into court we do not decide, for, as we view the matter, we have no jurisdiction in the matter at the present time.

The Act of July 30, 1842, P. L. 449, above mentioned, was expressly repealed by the School Code of May 18, 1911, P. L. 309. After examining the title to the School Code and the repealing clause, we are of opinion that Judge Brownson of Washington County was right when he decided in the case of Com. v. Turri, 12 D. & C. 703, 9 Wash. Co. Reps. 121, that it was not the intention of the legislature by the School Code to repeal the above provisions of this old law which was in no way germane to the subject matter of the School Code, and, further, if it was the intention of the legislature to so repeal sections twenty-five and twenty-six of said act, the repealing clause was unconstitutional for reasons given in that opinion. While the question of the repeal of the said Act of 1842 was not raised in Com. v. Balsamo, 72 Pa. Superior Ct. 182, the Superior Court in that case treated the Act of 1842, in so far as it regulated the disposition of forfeited recognizances, as still in force.

The disposition to be made of the forfeited recognizance, as we have said, is to be determined by the justice of the peace, and when he pays the fund in to such officer as he determines to pay it, the questions as to its final distribution can be determined. If it be paid into court, the authorities seem to indicate the proper practice is to appoint an auditor to hear the parties, take the evidence and determine whether or not any person has suffered such damages as are to be paid from the same according to the provisions of said act: Glenn's Case, 26 Pa. C. C. 488; Com. v. Justice et al., 34 Pa. 165.

We, therefore, believe it our duty to dismiss all the rules granted in this case.

And now, to wit, July 6, 1931, after due consideration, all rules granted in this proceeding are discharged.