## Shollenberg v. Kline

*Wardell L. Steigerwalt*, for plaintiff.

*James N. Diefenderfer*, for defendants.

WIEAND, J., July 7, 1964.—On September 13, 1946, the Court of Quarter Sessions of Carbon County entered an order requiring Edgar J. Shollenberg to contribute monthly the sum of $40 toward the support of his minor daughter and his wife, Jeanette Shollenberg, who is the plaintiff in this action. On December 6, 1961, the same court, in order to provide for the pay-

ment of substantial arrearages which had accumulated under the earlier order, directed, inter alia, that Shollenberg "pay the minimum sum of $50 per month on account of arrearages" and "post a compliance bond in the amount of $2,000.00."

On April 20, 1964, plaintiff filed in this court a complaint in assumpsit alleging the failure of Edgar J. Shollenberg to comply with the 1961 order entered in Carbon County and seeking a recovery against the sureties on the compliance bond posted pursuant to that order. Her complaint has been met by preliminary objections which question her right to maintain the action, the jurisdiction of this court to adjudicate her claim and certain alleged procedural irregularities which we will hereinafter consider. Because these preliminary objections were filed after the death of Darius T. Kline and without the substitution of his personal representative as a party defendant, we will consider them to be the objections of the other defendant, Elsie Kline.

There can no longer be any question about the right of plaintiff to proceed in assumpsit on a bond of this nature: Commonwealth v. Snyder, 1 Pa. Superior Ct. 286; Commonwealth v. Fawner and Young, 96 Pa. Superior Ct. 606; Commonwealth ex rel. Hosey v. Hosey, 101 Pa. Superior Ct. 142; Commonwealth v. Sigel, 32 D. & C. 269. The bond may be sued upon in common pleas without a prior forfeiture thereof in quarter sessions: Commonwealth v. Schmeltz, 44 Pa. Superior Ct. 377.

Pennsylvania Rule of Civil Procedure 2002(a) requires that all actions shall be prosecuted in the name of the real party in interest. Clause (c) of the same numbered rule, however, provides that clause (a) shall not apply to actions where a statute provides otherwise. In Harmer v. DeFranco, 2 D. & C. 2d 215, the court found in the Act of April 13, 1867, P. L. 78,

which authorized the proceedings on which the order of support was there entered, a requirement that "all proceedings shall be in the name of the Commonwealth" and held that consequently an action in assumpsit on a compliance bond naming as obligee the Commonwealth of Pennsylvania had to be brought in the name of the Commonwealth to the use of plaintiff. It is contended, therefore, that because the bond in this case ran in favor of the Commonwealth, the suit should have been commenced in its name. The Act of 1867, however, has been repealed and neither its successor, the Act of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733, under which the Shollenberg order was entered, nor any other statute of which we have been made aware, requires that an action on a compliance bond be brought in the name of the Commonwealth. The real party in interest here is Jeanette Shollenberg, and therefore, the action was properly brought in her name.

It is also alleged that the complaint is defective in that it fails to include as a party defendant the person who is the principal under the bond and primarily liable under the order of support. In this there is no merit. A surety is primarily liable on his covenant and may be proceeded against without recourse to him for whom he has engaged to answer and without showing that such recourse would have been unavailing: 35 P. L. Encyc., Sureytship, §111.

It is next argued that this court has no jurisdiction because the bond was entered to insure compliance with an order for support entered in Carbon County. Our attention has been directed to cases which hold that a court has continuing jurisdiction to enforce an order of support entered by it. What is overlooked, however, is that this is an action to enforce the contractual liability of the defendants by virtue of their bond and not an action to enforce the Carbon County

support order. As such, the proper county for commencement of suit is determined by Pa. R. C. P. 1006-(a) which provides, "an action against an individual may be brought in and only in a county in which he may be served." Defendants in this action resided in Lehigh County and were served in Lehigh County. We are satisfied, therefore, that this court has jurisdiction.

The demurrer to the complaint is based on the language of the bond which, it is argued, does not guarantee compliance with the original order of support entered in 1946 but relates only to the 1961 order requiring monthly payments on account of arrearages. If this position is well taken, the effect will be to reduce the damages to which the plaintiff may otherwise be entitled. It cannot, however, defeat in its entirety the cause of action alleged in the complaint. Because its purpose is to test the sufficiency of an action, a demurrer is improperly used to question the amount of damages which a plaintiff, if otherwise successful, is entitled to recover. In this case the matter of damages should be raised by an answer on the merits.

Finally, it is suggested by the preliminary objections that Darius T. Kline, one of the named defendants, has died since the complaint was served, and it is requested, therefore, that he be stricken as a party defendant. We know of no rule of law or procedure which permits such action. On the contrary, the appropriate procedure is set forth in Pa. R. C. P. 2352, which provides for the substitution of parties on a voluntary or involuntary basis. We suggest that this be done promptly so that the action may proceed in an orderly and expeditious manner.

And now, July 7, 1964, the preliminary objections of defendant, Elsie Kline, are dismissed and she is directed to file an answer on the merits within 20 days after service of this order upon her counsel.